CARLSON ET AL. *v.* STATE EX REL. STODOLA.

[No. 30,840.  Filed October 18, 1966.]

*Cordell C. Pinkerton, G. Edward McHie,* and *Peters, McHie, Enslen & Hand,* of counsel, all of Hammond, for appellants.

*Bernard M. Tetek, George Halkias,* and *Gerald N. Svetanoff,* of Gary, for appellee.

ARTERBURN, J.—This is an appeal from a judgment in an action of mandate brought by the relator, City Judge of the City Court of Hammond, Indiana against the respondents, who are members of the Common Council of the City of Hammond. Upon trial, the court entered a special finding and conclusions of law and announced a judgment for the relator city judge, ordering the Common Council of the City of Hammond to provide the funds requested by the judge for the operation of the Hammond City Court for the year 1965.

It appears from the record that the relator city judge prepared his budget for the operation of the court and its staff for the year 1965 in due form and presented it to the Common Council of the City of Hammond for approval. However, the respondent council, appellants here, reduced the amount submitted, to-wit: From a figure of $71,042.50 to $53,247.50, and therein cut various items of estimated expense, including the salaries of a referee, a bailiff and a probation officer in the amounts of $780.00, $880.00 and $1500.00 respectively.

The appellants assign the overruling of the motion for a new trial as error committed by the trial court, and take the position that the Common Council of the City of Hammond, in the exercise of its legislative function, had the right to fix the budget and appropriate the money therefor for the entire City of Hammond, including the city court. The relator and appellee here, city judge, takes the position that the Common Council of the City of Hammond, being a branch of the legislative department of government, may not interfere with the functioning of the City Court of Hammond, a part of the judicial department of government, by exercising its discretion in fixing the amount of money which a judicial body may use in its operation or function.

It is trite to say, but nevertheless requires repeating here, that our State, as well as our Federal government, is divided into three parts: executive, legislative and judicial— each an independent and integral part of the government. This division is created by the Constitution and is inherent in the functions of each department. It follows that the judicial function may not be controlled by the executive or the legislative branch, and the same barriers exist with reference to controlling the discretionary actions of the executive department and the legislative department. It is axiomatic that the courts must be independent and must not be subject to the whim of either the executive or legislative departments. The security of human rights and the safety of free institutions require freedom of action on the part of the court. Courts from time immemorial have been the refuge of those who have been aggrieved and oppressed by official and arbitrary actions under the guise of governmental authority. It is the protector of those oppressed by unwarranted official acts under the assumption of authority. Our sense of justice tells us that a court is not free if it is under financial pressure, whether it be from a city council or other legislative body, in the consideration of the rights of some individual who is affected by some alleged autocratic or unauthorized

official action of such a body. One who controls the purse strings can control how tightly those purse strings are drawn, and the very existence of a dependent. Justice, as well as the security of human rights and the safety of free institutions requires freedom of action of courts in hearing cases of those aggrieved by official actions, to their injury.

In this State it would seem these general principles of law have been enunciated and approved in a number of cases. In the case of *The Board of Commissioners of Vigo County* v. *Stout et al.* (1893), 136 Ind. 53, 59, 35 N. E. 683, 685, it was held that the circuit court could compel the operation of a passenger elevator in the court house, which was part of the facilities in getting to and from the court room, over the objections and orders of the Board of County Commissioners. In rendering an opinion upon this issue, our Court said:

> "The court may, therefore, make such rules and regulations as are necessary to secure its own freedom of action, and to carry on its business with dignity, decorum, order, due dispatch, and convenience."

Judge Emmert of this Court, more recently in *Woods* v. *State* (1954), 233 Ind. 320, 324, 119 N. E. 2d 558, 561, where it appeared the trial court had not provided adequate quarters for the jury in its deliberations, said:

> "We take this occasion to remind the trial courts and the profession that such courts have ample jurisdiction and authority to arrange the quarters for the jury so that there would be no opportunity for improper influences to be exerted upon the jury. The Constitution does not require that an appropriation be made before a constitutional court such as a circuit court, or a statutory court of superior jurisdiction, be authorized or empowered to provide for the reasonable and necessary operating expenses of such court."

Judge Fansler, in *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, reviewed

quite thoroughly the authority of a trial court in Indiana and its inherent powers in the consideration of the right of the court to appoint pauper counsel for a defendant, even though there was no appropriation therefor. The county council had refused to make such appropriation and the commissioners had refused to pay the sum approved by the court for the services of such attorney. In that case he also pointed out that the discretion of the judge is not unlimited or unrestrained. It was stated that there was a proper procedure by which any alleged arbitrary, exorbitant and extravagant allowance could be properly questioned in the trial court and reviewed by this Court.

In *Noble Co. Council etc. et al.* v. *State ex rel. Fifer* (1954), 234 Ind. 172, 180, 125 N. E. 2d 709, 713, one who was appointed a probation officer for Noble County under the order of the court which fixed his salary brought suit against the Noble County Council for his salary, as fixed by the court, and which the county council refused to approve. A statute at the time provided that appropriations "shall be vested exclusively in such council." We held that statute unconstitutional in its application to judicial functions of the court. Judge Achor said:

> "However, the authority of the court to appoint a probation officer, fix his salary and require payment thereof, does not rest upon mere legislative fiat. The court has inherent and constitutional authority to employ necessary personnel with which to perform its inherent and constitutional functions and to fix the salary of such personnel, within reasonable standards, and to require appropriation and payment therefor. The necessity of such authority in the courts is grounded upon the most fundamental and far-reaching considerations."

The appellants herein do not appear to us to question seriously what has been said with reference to higher courts of general jurisdiction, whether created by the Constitution or by statute. Appellants urge that the cases referred to above, upon which reliance is made by the

appellee, concern courts of general jurisdiction, while the City Court of the City of Hammond is a statutory court and one of inferior and limited jurisdiction. To the contention that a difference in principle applies as a result of such distinction, we cannot agree. The functions of the City Court of the City of Hammond are as truly judicial in character (although limited in scope) as that of any other court in the State of Indiana. In our view, in order for it to operate independently, freely and with absolute integrity, it is as important for it, if not more so than a higher court, not to be hampered and interfered with for lack of funds withheld by a local legislative body. The constitutional "umbrella of protection" covers all courts in Indiana in the performance of their judicial functions—be they small or be they large. We can see no reason for any distinction. In *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 550, 551, 69 N. E. 2d 592, 596, we said:

> "The legislature, under the Constitution, may create other courts than those named in the Constitution. But the Constitution alone bestows judicial power and all judicial power comes from the Constitution and is vested by it in courts and judges who can no more be interfered with by the legislature than a court or a judge created by the Constitution itself." See also: *State, ex rel. Hovey* v. *Noble et al.* (1888), 118 Ind. 350, 21 N. E. 244.

Whether a court be an inferior or a higher court, it should be free and independent. The principles of judicial freedom exist within the limited sphere of the judicial function of the City Court of the City of Hammond. In fact, we have made the application of this principle of freedom to that of Justices of the Peace courts, the lowest in the judicial scheme of courts of this State. In the case of *State ex rel. Glenn* v. *Smith* (1949), 227 Ind. 599, 87 N. E. 2d 813 we held that the justice of the peace had a right to provide for quarters. It is urged that to accept appellee's contention would permit him to disregard certain statutes limiting his discretion. We are referred to Burns' Ind. Stat. Anno. § 48-1410 (1963 Repl.), which provides:

"The common council of each city shall have power to manage the finances thereof, subject, however, to the powers and duties vested by this act in the several executive departments of this city, in the first, second, third and fourth classes."

Burns' § 4-2618 provides that in Lake County the judge of any city court can appoint a referee to assist him.

Burns' § 4-2620 provides that the salary of such referee shall be fixed by the judge of the city court "subject to the approval of the common council of said city, and the common council of said city shall appropriate sufficient funds with which to pay said referee."

Burns' § 4-2705 provides that a judge of the city court may appoint a bailiff, who shall receive a salary "to be fixed by the common council of said city":

Burns' § 9-2214b provides with reference to the court in question that the salary of a probation officer appointed by the court "shall be three thousand dollars [$3,000] per annum." We note that in the budget request of the appellee, city judge, he fixed the salary of the probation officer at $6,500. The city council fixed it at $5,000. This seems to be a tacit indication that even the city council found the statutory provision for salary was inadequate for the proper functioning of the court.

All these statutes must yield to the constitutional provision that the courts shall be free and independent and able to function properly in administering justice. This Court, in *Noble Co. Council, etc. et al.* v. *State ex rel. Fifer* (1954), 234 Ind. 172, 125 N. E. 2d 709 so held with reference to the fixing of the salary of a probation officer by a court. Art. 1, Sec. 12 of the Constitution of the State of Indiana states:

"All courts shall be open; and every man, for injury done to him and his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely and without denial; speedily and without delay."

The courts are under a constitutional mandate to administer justice freely and without any restraint coming from any other governmental authority. Unless a court has abused its discretion with respect to exercise of its authority, we will not disturb the decrees by which such authority is exercised.

We find that the respondent court had authority to provide for the payment of expenses necessary for its proper functioning in the absence of any showing of abuse of such discretion.

It is suggested that the right of a court to determine what is reasonably necessary as to the amount of money for its proper functioning, is granting an arbitrary and unlimited power to a court or a judge, which may be unwisely used. In *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, Judge Fansler points out that such power is not necessarily unlimited, but those contending that the exercise in a particular case is extravagant, arbitrary or unwarranted, may be heard thereon and the question reviewed by us on appeal. In this case it appears that the appellants had the opportunity to introduce any evidence they saw fit to show that the requests of the appellee city judge were arbitrary, extravagant and unwarranted, and the trial judge below, in issuing the mandate, had the opportunity to review this issue. However, no evidence of that character convinced the trial judge of any extravagant or arbitrary action on the part of the respondent court. The court or the judge thereof is better informed in that particular area than may be members of a legislative body or council who may desire from time to time to pull the purse strings too tight upon the operations of some court which falls within its disfavor. The courts frequently have to rule upon the acts or refusal to act of those controlling the purse strings in rendering justice. Threats of retaliation or fears of strangulation should not hang over such judicial functions.

However, be that as it may, there comes a time when a

judge or any other public official must make an accounting to the voters for his actions, if arbitrary, extravagant or not in the public interest, and that is true of a city judge or any judge in the State of Indiana, or if not the judge, then the one who exercises the appointing power. What has just been said about courts may also be said with reference to legislative bodies. There is no absolute protection against the extravagance of such bodies in fixing their own salaries or expenditure of money for their own quarters and operations except the accounting that comes at the polls.

Judgment affirmed.

Rakestraw, C. J., Jackson and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 532.