STATE EX REL. WINEHOLT, ET AL. *v.* LAPORTE
SUPERIOR COURT NO. 2, FORD, JUDGE.

[No. 667S16. Filed October 10, 1967. Rehearing denied November 27, 1967.]

*Sparrenberger, Duvall, Tabbert & Lalley* and *Don A. Tabbert*, of Indianapolis, *Sallwasser & Sallwasser*, of LaPorte, for relators.

*Jack G. Ford, pro se.*

*John W. Houghton* and *Barnes, Hickam, Pantzer & Boyd,* of Indianapolis, for respondents.

ARTERBURN, J.—This is an original action asking for writs of prohibition and mandate against the respondent court resulting from two orders made by that court. The first was an order requiring the members of the County Council and members of the Board of Commissioners of LaPorte County, relators herein, to provide the respondent court with suitable court facilities in the court house in the City of LaPorte, being the county seat of LaPorte County, Indiana. The court also issued an order citing the respondents to show cause why they should not comply with such order.

The respondent court (LaPorte Superior Court No. 2) was created by Acts 1965, ch. 380, p. 1174, being Burns' Ind. Stat. Anno. §§ 4-1231—4-1240. The Act creating the LaPorte Superior Court No. 2 provided therein that it shall be located "in a place to be determined by the County Council of LaPorte County, Indiana." The Act also had an emergency clause making it effective on and after July 1, 1965.

At the time of the creation of the LaPorte Superior Court No. 2 there was a circuit court located in the City of LaPorte at the county court house, and the LaPorte Superior Court, which was located in Michigan City, Indiana in a building known also as the court house.

Controversy arose among the citizens of that county as to where the new Superior Court No. 2 should be located. On April 24, 1965, the LaPorte County Council made the following record in its minutes:

"Motion was made by Stanley Lauer, seconded by David Novak to establish Superior Court #2, in Michigan City. A vote was then taken as follows:

| LaPorte | Michigan City |
|---------|---------------|
| 1111 | 111 |

"After the secret ballot the decision of the County Council is that the Second Superior Court will be in LaPorte."

On July 25, 1966, the following minutes appear in the County Council's record:

"David Novak made a motion that due to a technical error in the determination of a motion at the Council meeting on April 24, 1965, the decision to locate Superior Court #2 was not definitely established and now moves that LaPorte County Superior Court #2 be placed in the Court House in the City of Michigan City, Indiana. Motion seconded by Sigurd Peterson. Four (4) yeas-one (1) abstaining (Gust Diesslin)—Vernon Alt absent at this time. The motion, having receiving majority votes, has been passed and approved."

On December 27, 1966, we find in the minutes of the County Council of LaPorte County the following:

"WHEREAS, on the 4th day of April, 1965, prior to the effective date of said Act, a motion was submitted to establish said Superior Court No. 2 in Michigan City, which said motion failed; and

"WHEREAS, no motion or Resolution was presented or submitted to the Council establishing the Courthouse at LaPorte, Indiana, as the place for the holding of the sessions of said Superior Court; and

"WHEREAS, on the 25th day of July, 1966 a motion was submitted to locate said Superior Court No. 2 in the Court House in Michigan City, Indiana, and was passed.

"NOW THEREFORE, BE IT RESOLVED: that the LaPorte Superior Court No. 2 shall hold and conduct its sessions in the County Court House in Michigan City, Indiana, where suitable and convenient facilities for housing of said Court shall be provided by the Board of County Commissioners of LaPorte County, Indiana; that a copy of this Resolution be cuased to be delivered to the Board of County Commissioners forthwith by the Secretary of this Council."

The record shows "Motion unanimously carried there being no dissenting vote."

The position of the County Council as to the location of Superior Court No. 2 at Michigan City was reaffirmed by an order again on April 24, 1967.

This Court, pursuant to the application of the relators herein, issued alternative writs against the respondent, Superior Court No. 2, from enforcing its order which, in substance, attempts to locate the court at LaPorte, Indiana.

The response of the respondent court herein is that the County Council effectively exercised the powers delegated to it to fix the location of Superior Court No. 2 at its meeting of April 24, 1965, and that it could not thereafter change its mind or relocate the court; that it was given a designated power which, once exercised, was no longer available. Finally, it is contended, we think without question, that the respondent court has inherent power and the duty to secure for itself adequate and suitable quarters for the performance of its judicial function, if the same is not provided by the county commissioners. *Carlson* v. *State ex rel. Stodola* (1966), 247 Ind. 631, 220 N. E. 2d 532.

On the other hand, the contentions of the relators are that the meeting of April 24, 1965, of the County Council was not effective in finally making any decision as to the location of the court. The motion before the County Council at the time was merely a question as to whether or not Superior Court No. 2 should be located in Michigan City—not whether as an alternative it should be located in LaPorte or some other city. The motion as made, did not comprehend such a choice.

It is further argued that the vote was merely a negative vote against Michigan City at the most, and that the secretary preparing the minutes had no authority to show an alternative vote for LaPorte, since no motion was before the Council for that purpose.

It is further argued that the yea vote, even though it is listed under a vote for LaPorte, necessarily had to be in

favor of the motion which would have been for Michigan City on the resolution as put to the Council. Be that as it may, the action of the Council on April 24, 1965, is certainly indefinite and ambiguous, and at least it can be said that there was no motion before the Council to fix the location of the Superior Court in the City of LaPorte.

It is further argued that the vote on April 24, 1965, was by secret ballot, in violation of Hughes' Anti-Secrecy Act (Acts 1953, ch. 115, § 1, p. 427, being Burns' Ind. Stat. Anno. §§ 57-601—57-606). This Act mandates that all public proceedings shall be open to citizens of this state, etc., and "public proceedings" are defined, in our opinion, as covering the voting and balloting upon public issues before such Council.

Finally, the contention is made by the relators that the court did not come into existence until July 1, 1965, and therefore any action of the Council, pursuant to the legislation creating the court, was ineffective, since they had no jurisdiction to act prior to the effective date of the Act. We pass over this contention, since we feel it is unnecessary for us to venture into such a legal thicket.

In view of the ambiguities in the action of the County Council on April 24, 1965, we are inclined to accept the relators' view that the County Council had a duty to clarify and make more certain and definite its action at that time. The Council assumed this duty on July 25, 1966, when it acknowledged in its minutes "a technical error" in the meeting of April 24, 1965, and then recorded the open votes of the members of the County Council that the Superior Court be located in Michigan City, Indiana, and certified the same to the County Commissioners for appropriations accordingly.

In taking this position, we are accepting (as we think we should) the interpretation which the County Council of La-Porte County has taken in clarifying its original indefinite

and uncertain actions of April 24, 1965. Who but the Council is best able to determine the meaning of its actions?

There is no question that a County Council has a right to correct the minutes of its council meetings and make *nunc pro tunc* entries where errors have occurred by the secretary in properly recording the same. Modifications and amendments may be made where no intervening vested rights are involved. No private vested rights are here involved, and the County Council is at liberty and even has the duty to correct its own records or clarify them. *Wagner* v. *State* (1910), 173 Ind. 603; *Welch et al.* v. *Bowen* (1885), 103 Ind. 252; *Chamberlin* v. *The City of Evansville* (1881), 77 Ind. 542; *Logansport* v. *Crockett* (1878), 64 Ind. 319.

No contention is made in the respondent's return that there has been an "acquiescence" by the County Council in fixing the situs of the Superior Court No. 2 in the City of LaPorte, by reason of certain appropriations for the repair of the county court house in LaPorte. This point is not raised nor argued in any brief filed by the respondent. Suffice it to say that we question that a special power granted by an act of the Legislature to the County Council to fix the situs of a court can be exercised other than by a duly entered order of record of the County Council and not by such informal and uncertain acts as acquiescence.

We find that the County Council of LaPorte County has expressed itself and made its meaning clear pursuant to the Acts of 1965, ch. 380, p. 1174; that accordingly the LaPorte Superior Court No. 2 should be located at Michigan City, Indiana, pursuant to that act.

Relators' petition is granted and the writs heretofore issued are made permanent and absolute.

Hunter, C. J. and Mote, J., concur.

Jackson, J., dissents with opinion, in which Lewis, J., concurs.

## DISSENTING OPINION

JACKSON, J.—I am unable to agree with the conclusion reached in this case by the majority opinion and dissent thereto.

Relators, on June 12, 1967, filed a verified Petition For Writs of Prohibition and Mandate against the respondents herein. Such petition avers, *inter alia,* that there is now pending in the respondent court proceedings pursuant to which a Rule To Show Cause has been issued by the respondent Judge requiring the relators to appear in said court at 10:00 o'clock a.m. on the 23rd day of June, 1967, to show cause why they should not be attached and punished for indirect civil contempt of said court.

That said Rule To Show Cause was issued by respondent court in consequence of relators failure to comply with the terms of an order issued by respondent court on March 17, 1967, a copy of such order being attached to, incorporated in, made part of and marked Exhibit A of the above mentioned petition.

The order dated March 17, 1967, above referred to, reads as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that for the proper and necessary administration of justice, the County Council of LaPorte County, Indiana is hereby ordered and directed to forthwith and immediately appropriate sufficient funds consistent with the estimates heretofore presented to it for the establishment of the facilities necessary for the operation of a court and located on the third floor of the Circuit Court House in the City of LaPorte, County of LaPorte, State of Indiana.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Board of County Commissioners of LaPorte County, Indiana, are hereby ordered and directed to forthwith and immediately proceed with the necessary repairs, remodeling, rehabilitation and modernization of the facilities of LaPorte Superior Court No. 2.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Board of County Commissioners of LaPorte County, Indiana is directed to forthwith rehabilitate, remodel, repair, improve and modernize LaPorte Superior Court No. 2 court room located on the third floor of the Circuit Court House in the City of LaPorte, County of LaPorte, State of Indiana, by correcting the problems created by poor acoustics; by providing ample and constant heat; by installing proper heating equipment; by providing healthful and sufficient lighting equipment; by providing healthful and ample ventilation and air conditioning in said court room and all offices connected with said court in order that said court can be used effectively during the entire twelve months of the year; by providing suitable, ample and healthful facilities, including toilet and rest room facilities for the jury room of the LaPorte Superior Court No. 2; by providing sufficient room for the official court reporter and by completing the renovation of the judge's chambers; and by further providing all necessary furnishings, furniture and equipment for all the various offices and rooms of said court.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the County Council of LaPorte County, Indiana shall appropriate the necessary monies for said repairs and renovation not later than their April meeting.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Board of County Commissioners shall let bids for the renovation, remodeling and repairs of LaPorte Superior Court No. 2, based upon the plans and specifications heretofore submitted, within thirty (30) days after the County Council has appropriated the necessary funds.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Board of County Commissioners of LaPorte County shall cause all repairs, renovation and remodeling to be made and all furnishings, furniture and equipment to be installed on or before the 31st day of August, 1967.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Board of County Commissioners shall report in full as to the progress being made by said Board of County Commissioners in carrying out the purposes and intent of this order on the first and third Monday of each month until said repairs, rehabilitation,

improvements and modernization as shown in the plans and specifications for LaPorte Superior Court No. 2 have been completed.

"The Clerk is ordered and directed to prepare certified copies of this order and deliver said copies to the Sheriff of LaPorte County, Indiana for service on:

Russell Wineholt
William Fischbacher
Vance Craft

as members of the Board of County Commissioners of LaPorte County, and

Armandt T. Rosenbaum
Siguard G. Peterson
Vernon R. Clayton
Philip J. Tanger
Walter F. Liebig
Rouglas G. Wakeman
David A. Novak

as members of the County Council of LaPorte County forthwith and make due return of his doing in the service of this Order."

The petition further avers:

"(4) That the Respondent, LaPorte Superior Court No. 2 of LaPorte County, Indiana, was created by Acts of 1965, Chapter 380 (Burns, Annotated Statutes, [Cum. Poc. Supp.] § 4-1231—1240). Section 5 of said Acts of 1965, Chapter 380 reads in part as follows:

" 'The LaPorte Superior Court No. 2 shall hold its sessions in a place to be determined by the County Council of LaPorte County, Indiana; and the Board of County Commissioners of LaPorte County shall provide and maintain in the court house a suitable and convenient court room for the holding of said court together with a suitable and convenient jury room and offices for the judge and the official court reporter.' "

Digressing for the moment from consideration of the pleadings filed herein by the parties, this Court on June 12, 1967, issued its Alternative Writ of Mandate to the respondents commanding them:

"to accept reasonably suitable facilities for operation of the LaPorte Superior Court No. 2 as shall be furnished to it in Michigan City, Indiana by the County Commissioners of LaPorte County, Indiana, or, on failure so to do, that said Respondent file a return showing any reason in law or in fact why this Writ should not be made permanent on or before the 12th day of July, 1967."

On the same day this Court issued its Temporary Writ of Prohibition commanding the respondents to:

"refrain until the further order of this Court from proceeding further or exercising jurisdiction in certain proceedings now pending in the LaPorte Superior Court No. 2 of LaPorte County, Indiana, wherein a Rule To Show Cause has been issued by respondent on May 12, 1967, requiring Relators named herein to show cause why they should not be attached and punished for indirect civil contempt of said Court for their failure to comply with said Respondent's prior Order of March 17, 1967.

"IT IS FURTHER ORDERED that the respondent show cause on or before the 12th day of July, 1967, why the Writ should not be made permanent."

The respondent court within time, on July 12, 1967, filed its verified return to the Writs heretofore issued controverting the averments of the relator's petition and seeking the vacation of such Writs.

The meat on the bone of contention between the relators and the respondents is the controversy over the question of whether the LaPorte Superior Court No. 2 has been established in the City of LaPorte, or in Michigan City, both of said locations being in LaPorte County, Indiana. The parties are in agreement that by the terms of the Acts of 1965, ch. 380, § 4-1231—4-1240 Burns' 1966 Cum. Supp., the respondent court came into being as of July 1, 1965, and that by Section 5 of said Acts of 1965, ch. 380, *"The LaPorte Superior Court No. 2 shall hold its sessions in a place to be determined by the county council of LaPorte County, Indiana; and the board of county commissioners of LaPorte County shall provide and maintain in the courthouse a suitable and convenient court room. . . ."* (Emphasis supplied).

It is at this point that agreement between the parties ends. Fortunately for all concerned the parties by their pleadings, exhibits and briefs have fully and concisely stated their respective positions and have supplied us with an adequate record from which we can logically determine the issues presented.

Basically the question resolves itself to one of jurisdiction. If the *relators* are correct in their contention, the respondent court has no jurisdiction to require relators to provide a court room, etc. at the City of LaPorte for the reason they *established the LaPorte Superior Court No. 2 at Michigan City on July 25, 1966,* and *thereafter on December 27, 1966,* by a resolution duly passed formally *advised the LaPorte Superior Court that it should* "hold and *conduct its sessions* in the County Court House in *Michigan City, Indiana, where suitable* and convenient *facilities . . . shall be provided by the Board of County Commissioners . . .*" (Emphasis supplied) The respondents by verified return to the Writs aver that it possesses jurisdiction as set forth in rhetorical paragraphs 15 of its return, which reads as follows:

"15. The proceedings before the Respondent Court constitute a proper exercise of such inherent power and a valid exercise of the jurisdiction of the Respondents. In their Petition, the Relators implicitly concede, and do not challenge, the facts and propositions that the Respondent Court has jurisdiction over:

"a. The general class of proceedings which include the proceedings pending before the Respondent Court for the entry of orders and rulings to provide the Respondent Court with suitable facilities for conducting the business of the court and performing its functions as a court.

"b. The particular proceedings pending in the Respondent Court for the purpose of providing the Respondent Court with suitable facilities to enable it to serve and act as a court, together with the proceedings for indirect contempt pending in the Respondent Court for the purpose of obtaining compliance with the prior order of this court or for requiring the Relators to show cause in

the proceedings pending before the Respondent Court why such order should not be honored and carried out. (As to this point the Relators contend that the Respondent Court exceeded its jurisdiction by ordering facilities at, so the Relators contend, the wrong place.)

"c. The person of each of the Relators."

Respondents further aver at rhetorical paragraph 3 of its return as follows:

"3. The Petition shows on its face that the *place* fixed and determined for the Respondent Court to hold its sessions has been validly fixed, determined and established to be in the courthouse in the City of LaPorte, Indiana, and the County Council of LaPorte County, Indiana, has no power or authority to change the place so fixed and determined. That is so for each of the following reasons and based on each of the following propositions of law:

"a. The only power delegated by the Indiana General Assembly to the County Council of LaPorte County, Indiana, by § 5 of Indiana Acts of 1965, ch. 380 [*Burns Ind. Stats. Ann.* (1966 Supp.) § 4-1235] was the power to *determine* the *place* where the Respondent Court should hold its sessions and said § 5 of said Act provided that a suitable and convenient courtroom should be provided in the courthouse of said LaPorte County, Indiana.

"b. The County Council of LaPorte County, Indiana, validly and legally exercised that delegated power at a duly convened meeting of said council held on April 24, 1965, when it made the following decision, as shown by its official records and journal (see Exhibit F to the Petition):

" '. . . the decision of the County Council is that the Second Superior Court will be in LaPorte.'

"c. When the County Council of LaPorte County, Indiana, made that decision, it thereby determined the place to constitute the situs of the Respondent Court and it thereby discharged its legal duty and its delegated power to determine such place. Thereupon, it exhausted the only power delegated to it by the Indiana General Assembly. It did not have the power to redetermine from time to time the place where the Respondent Court was to hold its sessions or to relocate the situs of the

Respondent Court from time to time as it may suit said County Council."

If the respondents are correct in their contentions the County Council, relators here, on April 24, 1965, selected the City of LaPorte, LaPorte County, Indiana, as the place where respondent court should hold its sessions, thereby determining the site of respondent court and by so doing discharged its legal duty and exhausted its delegated power under the Acts (1965 Act, ch. 380, § 5).

We now turn to the record to assist us in arriving at a determination of the issues confronting us. A chronology of events is in order.

1. The Indiana Legislature by Acts of 1965, ch. 380, created the respondent court. The bill was signed by the Governor on March 12, 1965, and became a law; by a reason of an emergency clause it became effective July 1, 1965.

2. On April 24, 1965, the County Council of LaPorte County, Indiana, at a special meeting convened for that purpose pursuant to notice, duly considered and acted upon the question of the location of the respondent court, and made the following decision:

"After the secret ballot the decision of the County Council is that the Second Superior Court will be in LaPorte," as evidenced by relators' Exhibit F attached to their Petition For Writ of Prohibition and Mandate.

3. The Governor of the State of Indiana appointed the respondent judge to be the first judge of the newly created respondent court and on June 24, 1965, transmitted to the respondent judge his commission as judge of the respondent court.

4. On July 1, 1965, respondent court in reliance on the above determination and location of said court by said Council opened for business in facilities provided for it by the

Board of County Commissioners of LaPorte County, Indiana, pursuant to the determination by the County Council, on the third floor of the county courthouse in the City of LaPorte, the County seat of LaPorte County, Indiana. At all times from and after July 1, 1965, the respondent court has held all its sessions and has had as its sole place for holding court and performing its business as a court said facilities so provided.

5. On July 23, 1965, said council appropriated the sum of $6,000.00 for repairs to the third floor of the courthouse in LaPorte for facilities of the respondent court.

6. In 1965, the sum of $90,000.00 was budgeted and appropriated by said county council to be expended in 1966, which sum was to be used, first for repairing the roof of the courthouse in LaPorte, Indiana, and second to be expended for facilities of the respondent court on the third floor of the courthouse in LaPorte, Indiana.

7. On April 25, 1966, at the regular meeting of the County Council which was attended by the three County Commissioners and the respondent judge, the Commissioners reported that $18,000.00 of the appropriated $90,000.00 had been spent for the repairs to the roof. The architect employed by the County Commissioners presented his estimate of $36,175.00 for the "proposed remodeling of the third floor of the LaPorte County Court House in order to provide new court room, jury room, jury room toilets, court reporter and bailiff's office for LaPorte Superior Court No. 2 and also public toilets." Gus Diesslin, a member of the County Council, then made a motion to go ahead with the estimate of $36,175.00 as the first phase.

The motion was seconded by Vern Alt, a member of the County Council. All members voted in favor of the motion.

In the interest of brevity we must conclude this partial review of the record without showing many other acts on the part of relators confirming, approving and acquiescing in the location of the respondent court in the City of LaPorte, as set out in Exhibit A to relators' petition.

From a careful consideration of all the facts before us, I am of the opinion that the LaPorte County Council did select the City of LaPorte as the site of the respondent court on April 24, 1965. In so doing they discharged their duty imposed by Ch. 380 of the Acts of 1965 and exhausted the power delegated to them by Section 5 of that statute. From and after April 24, 1965, they possessed no power to reconsider, change or alter their determination as to the situs of the respondent court. Certainly they possessed no such power subsequent to July 1, 1965, when the court began to function in the City of LaPorte.

In addition to their having determined the site of the respondent court by their positive action on April 24, 1965, the relators ratified, confirmed and acquiesced in its location in the City of LaPorte from that date until July 25, 1966, when at a special meeting the LaPorte County Council purported to relocate the respondent court in Michigan City under the guise of correcting the minutes of the Council meeting of April 24, 1965. The notice of the July 25, 1966, special meeting of the LaPorte County Council, omitting signature, reads as follows:

"TO STANLEY A. LAUER, JOSEPH COLANESE, GUST DIESSLIN, VERNON ALT, SIGURD G. PETERSON, DAVID NOVAK, ARMANDT ROSENBAUM: MEMBERS OF THE LA PORTE COUNTY COUNCIL

"YOU ARE HEREBY NOTIFIED THAT THERE WILL BE A SPECIAL MEETING OF THE LA PORTE COUNTY COUNCIL AT THE AUDITOR'S OFFICE IN THE CITY OF LA PORTE, LA PORTE COUNTY, INDIANA ON THE 25TH DAY OF JULY, 1966 AT 1:30 P.M. FOR THE PURPOSE OF:

"Additional appropriations for the following Funds:

"County Highway Fund _____$125,000.00
"County Welfare Fund _____$ 75,000.00

"Total to be Appropriated _____$200,000.00

"A NOTICE OF THIS MEETING HAS BEEN PUBLISHED AS REQUIRED BY LAW."

The pertinent parts of the minutes of the July 25, 1966, meeting reads as follows:

"David Novak made a motion that due to a technical error in the determination of a motion *at the Council meeting on April 24, 1965, the decision to locate Superior Court #2 was not definitely established and now moves that La Porte Superior Court #2 be placed in the Court House in the City of Michigan City, Indiana.* Motion seconded by Sigurd Peterson. Four (4) yeas—one (1) abstaining (Gust Diesslin)—Vernon Alt absent at this time. The motion, having receiv*ing* majority votes, has been passed and approved." (Emphasis supplied).

It should be noted that the motion to correct the "technical error" of the meeting of April 24, 1965, did not deny that the location or situs of the respondent court had been established at the City of LaPorte at the special meeting called, pursuant to proper notice, for that specific purpose on that date. Yet the County Council attempted to relocate such court a year and three months thereafter at a special meeting pursuant to notice given for the purpose of considering additional appropriations for various funds. The matter of the location of the respondent court was not a proper matter for action at the special meeting on July 25, 1966, because it was not on the agenda in the notice calling the special meeting.

The attempt to relocate the respondent court took place one year and twenty-four days after the respondent court had been functioning on the third floor of the courthouse at La Porte pursuant to the direction of the County Council and after all the acts of locating, approving, confirming and acquiescing in such location by such Council. Even than the County Council did not get around to passing a resolution attempting to relocate the situs of the respondent court to the City of Michigan City until December 27, 1966, nearly a year and a half after the court came into being and had been functioning in the City of LaPorte.

It is quite apparent from the record herein that the County Council had duly located the respondent court in LaPorte on

April 24, 1965. The County Council, by its actions of July 25, 1966, and December 27, 1966, attempted to second guess itself and perform a duty it had completed on April 24, 1965. If relators had the right, they also had the duty on July 1, 1965, to locate the situs of the respondent court, that being the date on which the court came into being and had to begin to function. Had the Council been dissatisfied then, as they appeared to be over a year later, and had they the power, it had to be exercised then not later. They might have called a meeting on July 1, 1965, and with reasonably good grace might have said, "We made a mistake," or "We have changed our minds," or "We want the court at Michigan City." Having failed to call such meeting subsequent to April 24, 1965, and prior to July 2, 1965, thereafter they were powerless to exercise the power of selection granted them by the statute because they had already exercised that power and their authority to so act thereby came to an end. It is a fundamental rule of law that one who sleeps on his rights loses them. Relators have slept too long and too hard. Laches alone would deny relators the relief they seek here. Relators' sophistry should gain them nothing.

The Alternative Writ of Mandate and the Temporary Writ of Prohibition heretofore issued by this Court on June 12, 1967, should be vacated and the permanent Writs of Prohibition and Mandate should be denied.

NOTE.—Reported in 230 N. E. 2d 92.