MCAFEE, ET AL. AS MEMBERS OF COUNTY COUNCIL,
LAKE COUNTY *v.* STATE EX REL. STODOLA, ET AL.

[Nos. 271S48, 271S49, 271S50, 271S51. Filed June 29, 1972. Rehearing denied July 31, 1972. Consolidated for Hearing.]

*Glenn J. Tabor, Duane W. Hartman, Blachly, Tabor & Bozik,* of Valparaiso, for appellants.

*Bernard M. Tetek, George Halkias, Gerald N. Svetanoff,* of Gary, for appellees.

GIVAN, J.—The appellees are four judges of Lake County who brought four separate actions to mandate the Lake County Council to pay salaries to court employees in the amount requested by the judges in the presentation of their

budgets rather than in the amount set by the council. In addition the judges had also requested $15,000 to be used for witness fees, including experts to testify in matters concerning psychiatric examinations, whereas the council had only allowed $5,000 for such expenditure. The trial court rendered judgment for the appellees in each case. Appellants have brought this appeal to challenge those decisions.

The record discloses the following:

Subsequent to the filing of the original complaints in the trial court the appellants filed a demurrer which was sustained. Thereafter, appellees filed amended complaints and obtained a change of venue. Appellants then filed other demurrers and also asked for a change of venue, which was granted. The trial court to which venue was changed treated the demurrer as a motion to dismiss. The motion was overruled on February 24, 1970.

The record discloses the following evidence:

The appellees had met and discussed the salaries which they were paying their employees, the salaries which were being paid to persons holding like positions in and around the Lake County area and the recent increases in the cost of living. Judge Stodola testified that he had been told by court reporters that they could do better by going into business for themselves. The judges testified that they believed under all the circumstances the proposed salary increases were reasonable.

Judge Kaplan of the Gary City Court testified that they had never had enough money to spend on psychiatric problems. After first being qualified as an expert with 18 years' experience with Mental Health Clinics and holding the position of a Veterans Health Officer since 1923, Judge Kaplan testified that Lake Superior Court, Room Three, handled 144 commitments of patients to Beatty Hospital and 61 patients to the Marion V. A. Hospital. In addition Judge Kaplan handled 48 additional veterans' cases on a temporary facility basis be-

cause of lack of room in the V. A. Hospital. These temporary commitments were made by Judge Kaplan because he was dealing with honorably discharged veterans and did not want to permit them to be forced to remain in jail pending admission to the V. A. Hospital. He therefore had them voluntarily committed to various private hospitals.

Judge Kaplan testified at length and in great detail along this same general line giving a very graphic history of the operation of the court and the inadequacy of the funds available to handle such a case load. He testified that in his opinion the $15,000 requested for facilitating psychiatric jurisdiction, including witness fees, was very reasonable.

Appellants first argue the trial court erred in overruling its last demurrer which was treated by the court as a motion to dismiss. Appellants claim that since the amended complaints were in substantially the same language as the original complaints that the sustaining of the first demurrers was the law of the case and therefore the court was in error in overruling the last demurrer. Even if there had only been a single complaint and a single demurrer, the first ruling on the demurrer would not have become the law of the case binding upon the subsequent judge on the change of venue. *State ex rel. Williams Coal Co.* v. *Duncan, Judge* (1937), 211 Ind. 203, 6 N. E. 2d 342; *Fair Share Organization* v. *Mitnick* (1964), 245 Ind. 324, 198 N. E. 2d 765, 3 Ind. Dec. 393. However, in the case at bar the amended complaints took the place of the original complaints. Until the second demurrers were filed, the second complaints remained unchallenged. At the time the second demurrers were filed the trial court was required to examine the second complaints in the light of the second demurrers without regard to what had transpired with regard to the first pleadings, I Wiltrout, Indiana Practice § 717.

We hold the trial court did not err in refusing to treat the ruling on the first demurrer as the law of the case.

Appellants next argue the trial court erred in overruling the demurrer because appellees failed to allege that they had no adequate remedy at law. The ruling was made on February 24, 1970, thus being governed by the Rules of Procedure which went into effect January 1, 1970. Under the new rules it is no longer required that a plaintiff set out all of the elements necessary to make his case. *Farm Bureau Insurance Co.* v. *Clinton* (1971), 149 Ind. App. 36, 269 N. E. 2d 780, 25 Ind. Dec. 606.

We therefore hold that the trial court properly treated the demurrer as a motion to dismiss under the present Rules of Trial Procedure 12(B)(6). The trial court did not err in overruling the motion with reference to the omission of an allegation of no adequate remedy at law.

Appellants next claim the trial court erred in making its order with reference to the 1970 budget whereas the pleadings do not mention the 1970 budget, but referred only to the 1969 budget. At the time the complaints were filed, 1969 was the current budget year; however, the trial court did not render its decisions until 1970. Under Trial Rule 15(B) we must deem the pleadings to be amended to conform to the evidence. Appellate Rule 15(D) requires that no judgment be reversed for any defect in the record or pleadings and that such defect shall be deemed to be amended on appeal. The Rule further states:

". . . nor shall any judgment be , . . reversed . . . where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

In keeping with the above rules we will not reverse a judgment because it refers to a 1970 budget when the complaint had been filed the year before and of necessity at that time referred to the 1969 budget.

Appellants next claim the trial court erred because it did not consider what other persons in similar positions were earning as part of the reasonableness test. Appellants take

the position that other county employees were receiving similar wages and doing similar work. With this we cannot agree. Similarity cannot be gauged by the fact that the parties being considered both worked for the county. Rather the similarity as properly testified to by the appellee judges lies in the nature of the work done and the skill required of those performing such work. There is evidence in this record that the appellee judges did in fact consider the incomes of persons doing work similar to the work required by the court employees. Upon examining the evidence in this record we find that there was substantial evidence to support the finding of the trial court that the salaries requested by the appellee judges were reasonably necessary to maintain their courts at a degree of efficiency necessary to discharge their duties.

Appellants next claim there was no evidence that the action of the appellants in refusing to grant the requested increases in salary and in court appropriations hampered the court operations. In support of their proposition the appellants cite *Judges for Third Judicial Circuit* v. *County of Wayne* (1969), 383 Mich. 10, 172 N. W. 2d 436 and *Commonwealth ex rel. Carroll* v. *Tate* (1971), 442 Pa. 45, 274 A. 2d 193. The Michigan case holds that the appellee judges must show necessity for their budgetary requests. The Pennsylvania case holds that although the judges have the power to determine the amount of funds, this power is limited by reasonable necessity.

We have no quarrel with either of the above cases. If the separation of powers is to be maintained, it is essential that the judicial branch of government not be throttled by either the legislative or administrative branches, and that the courts be empowered to mandate what is reasonably necessary to discharge their duties. In *Carlson* v. *State ex rel. Stodola* (1966), 247 Ind. 631, 220 N. E. 2d 532, 9 Ind. Dec. 260, this Court stated at page 638:

"The courts are under a constitutional mandate to administer justice freely and without any restraint coming from

any other governmental authority. Unless a court has abused its discretion with respect to exercise of its authority, we will not disturb the decrees by which such authority is exercised.

"We find that the respondent court had authority to provide for the payment of expenses necessary for its proper functioning in the absence of any showing of abuse of such discretion."

The Court goes on to say:

"In *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, Judge Fansler points out that such power is not necessarily unlimited, but those contending that the exercise in a particular case is extravagant, arbitrary or unwarranted, may be heard thereon and the question reviewed by us on appeal."

Judges should constantly be aware that their constitutional responsibility to maintain the judicial system carries with it the corresponding responsibility to limit their requests to those things reasonably necessary in the operation of their courts and to refrain from any extravagant, arbitrary or unwarranted expenditures. As Judge Fansler points out the claim of any such abuses may be heard on appeal. If any such abuse of discretion is found, it should not be condoned. In the case at bar the record discloses evidence from which the trial court was justified in finding that the appellee judges did not abuse their discretion, but limited their requests to reasonable necessity.

The fact that the courts were continuing to function at the time of the requests does not mean that the requests were unreasonable. We hold that the test of reasonableness does not require the trial judge to sit by until his court has ceased to function before acting. We hold he is acting within reason when he takes steps to forestall foreseeable difficulties which are imminently threatening the functions of his court.

Appellants next claim the trial court erred in failing to consider evidence that all county employees were given the same monthly raise by the appellants. As above stated, we

see no corollary in what others employed by the county are paid and what court employees are paid. On the one hand a far lower wage might be justified for court employees, or a far higher wage than some other conceivable county employees. We believe the appellee judges submitted ample evidence to sustain their position, and that the trial court did not err if it did in fact disregard the salaries paid to other county employees.

Appellants lastly contend the issues of witness fees and other expenses in psychiatric cases is now moot. We fail to follow appellants' reasoning in this regard. We would first point out the question is not raised in the motion to correct errors and is therefore waived under Trial Rule 59(G). As we have previously pointed out, the fact that this case was filed in 1969 and that by necessity the trial court's ruling applied to 1970 does not defeat the appellees' contentions. The appellee courts did not operate in 1969 alone. We take judicial notice that the appellee courts are existing, functioning courts under the laws of the State of Indiana. It is reasonable to infer that the facts submitted by the appellee judges which convinced the trial court of the necessity of their requests continue to exist.

The trial court is affirmed.

Arterburn, C. J. and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 778.