RICHARD G. HATCHER, AS MAYOR OF THE CITY OF GARY ET AL.
v. STATE EX REL. FREDERICK T. WORK,
JUDGE OF THE GARY CITY COURT.

[No. 677S434. Filed June 6, 1978.]

*Thomas V. Barnes,* of Gary, for appellants.

*Steven A. Kurowski, Richard J. Walsh,* of Merrillville, for appellee.

DEBRULER, J.—This is an appeal from a judgment in mandate resulting from an independent action therefor instituted by relator, the Honorable Frederick T. Work, Judge of the City Court of Gary, against the Mayor, Council and Controller

of the City of Gary. Relator sought to require the city to provide certain funds for his court. The judgment rendered, following trial on change of venue to the Jasper Circuit Court, decreed that the city provide $73,790 to permit: a $500.00 salary increase for existing employees; the employment of three additional bailiffs for each of the two divisions of the court; and one additional secretary. Our jurisdiction over this appeal is based upon Ind. R.Ap. P. 4(A).

The city contends that the decision of the trial court is not sustained by sufficient evidence. In setting forth the standards for determining whether a mandate order of this sort should be granted, we have in mind the primary nature of the need of society served by the constitutional requirement that the courts shall be open and available. Ind. Const., Article 1, § 12. Accordingly, we require that the funds sought by the vehicle of mandate be shown necessary to maintain the court at a degree of efficiency necessary to discharge its duties and neither extravagant, arbitrary nor unwarranted. *McAfee* v. *State ex rel. Stodola,* (1972) 258 Ind. 677, 284 N.E.2d 778. We also recognize that the courts are as a practical matter competing for funds with other governmental organs which further other primary interests of society and therefore give due consideration to any excessively adverse effect which the mandate would have on specific fiscal or other interests of the unit from which the funds would come, *State ex rel. Lake Co. Council* v. *Lake Co. Court,* (1977) 266 Ind. 25, 359 N.E.2d 918. However, this further element is not in dispute in this case. The city contends that the facts submitted were insufficiently specific and do not support the conclusion reached by the trial court that the funds ordered provided were reasonable and necessary for the proper operation of the Gary City Court.

Relator testified at the trial that he had been the judge of the court for four years and that the court was divided into a criminal and a civil division. Each division is served by one or more referees as well as the regular judge. The divisions

are housed several city blocks apart. Court is held in the criminal division Monday through Saturday from 9:00 a.m. to 12:00 p.m., and in the civil division Monday through Thursday; however, administrative business extends beyond those times. Jury trials are in fact conducted.

The bailiffs in the criminal division maintain courtroom security, bring prisoners from the jail, handle docket sheets, call cases, take defendants to the clerk's office to pay fines, and serve all subpoenas issued by the court. The bailiffs serving the civil division, in addition to serving the ordinary functions of bailiff, serve all of the process emanating from that division. Relator described the caseload in both divisions as increasing.

Relator based his request for additional bailiffs upon the need to provide better security for the criminal division and the need for more bailiffs to serve the process of the civil division. He testified that the audiences in the criminal division often numbered one hundred fifty persons and described security measures which had been implemented during court proceedings as including, among other activities, the search of persons entering the courtroom. In response to the need for additional manpower to serve civil division process he had transferred bailiffs to that division from the criminal division, leaving on occasion a single bailiff to maintain security in the criminal court. The temporary transfer of bailiffs from one division to another had not satisfied the needs identified.

With regard to salaries he testified that court employees had not received an increase at a previous time when other city employees had received an increase, that such increase would offset inflation, and that it would compensate bailiffs for additional expenses which they had incurred in using their own vehicles for serving process. With regard to the need for additional secretaries, relator testified that he had been unable to conduct necessary correspondence, and had

pressed secretaries from his personal law office into service of the court to meet this problem.

The city contends that the evidence in the form described above was insufficiently specific in that it was not augmented by statistical materials showing actual caseload and workload. Such statistical material would be most appropriate and useful in a case such as this and we strongly urge its utilization; however, there is no *per se* rule so requiring. In the trial of this case relator was prevented by court ruling from detailing the numbers. The increase in the work of the court was described in general terms, however, and then given more specific measure in terms of the response of the judge in dealing with the daily production requirements of the court. This testimony was based upon personal day-to-day observations of the judge over a period of years during which he administered the court and sat on the bench. We find that the facts submitted were sufficiently specific and supported, and that they provided a substantial predicate for the trial court's conclusions.

The judgment is affirmed.

Givan, C.J., Hunter, Prentice, and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 1115.