In the Matter of the Mandate of Funds for the GARY CITY COURT

v.

CITY OF GARY.

No. 1185S490.

Supreme Court of Indiana.

March 4, 1986.

STARKE CIRCUIT COURT

DeBRULER, Justice.

The Hon. Charles H. Graddick, Judge of the City Court of Gary, Indiana issued a broad and detailed mandate order on March 13, 1985, pursuant to the provisions of Ind. R.TR.P. 60.5, addressed to the Gary Mayor, Controller, and City Council. This court appointed the Hon. Marvin D. McLaughlin, Judge of the Starke Circuit Court as special judge to hear the case. A hearing was held, resulting in final determinations that the City Court had inherent judicial authority to issue such orders, and that the part of the mandate order requiring the maintenance and repair of the court's physical facilities be upheld. Additional parts of the order have been held in abeyance under the jurisdiction of the special judge, or not upheld.

The first issues presented for review by this court are whether the City Court has authority to issue mandate orders requiring the appropriation and payment of reasonably necessary funds for the court, and if it does, whether or not Indiana Trial Rule 60.5 governs the exercise of that authority.

■ The statute establishing the jurisdiction of the Gary City Court declares that the court has no jurisdiction in "actions" in mandate. I.C. 33–10.1–2–4. This express restriction does not withhold jurisdiction to issue a mandate order for the court's use. It refers instead to civil actions brought by one party against another, thereby calling for the court to act as judge. Ind.R.Tr.P. 3. The language of the statute does not restrict city court jurisdiction in this area.

The special judge ruled that the City Court had inherent power to provide for the reasonable and necessary operating expenses of such court. It has been settled since *Carlson v. State ex rel. Stodola* (1966), 247 Ind. 631, 220 N.E.2d 532, that a city court, while a court of inferior and limited jurisdiction, is nevertheless truly judicial in character, subject to the duty imposed by Art. 1, Sec. 12 of the Constitution of Indiana upon all courts to provide remedy by due course of law, and thus protected by the Constitution. The legislative grant of jurisdiction, such as the one defining the authority of the Gary Court, thus carries with it the basic authority identified by the special judge.

■ The application of Trial Rule 60.5 is a matter quite apart from the aforesaid basic authority. There has been no authority presented other than the rule itself in support of the authority of a city court to make a direct order like the one issued by Judge Graddick. Caselaw demonstrates that the path followed heretofore by courts of limited and inferior jurisdiction has been to exercise the basic authority by the filing of an independant action for mandate against the proper municipal authorities in a trial court of general jurisdiction. *Hatcher v. State ex rel. Work* (1978), 268 Ind. 468, 376 N.E.2d 1115 *McAfee v. State ex rel Stodola* (1972), 258 Ind. 677, 284 N.E.2d 778.

This court's purpose in adopting Ind.R. Tr.P. 60.5 was to provide an immediate, expeditious, and simple review process, when a trial court took the extreme step of issuing a mandate order and local authorities had genuine fiduciary concerns. It was contemplated that on the one hand, extreme local conditions could result in the total cessation of all court operations, while on the other hand a trial judge might make an extravagant and unwarranted order.

Underlying concerns of the same nature exist in the case of the operation of a city court, although they are not of the same magnitude. City courts are subject to establishment and abolition by city ordinance. I.C. 33–10.1–1–3. The office of city judge is filled in municipal elections which tend to be smaller and more personal. The court has both limited civil and criminal jurisdiction, and many do not entertain civil cases at all. Judgments of such courts are subject to being immediately interdicted by appeal to the trial courts in the judicial circuit, where the case is subject to being retried de novo. I.C. 33–10.1–5–9. In light of these characteristics, we find that the avenue previously followed via the filing of an independent action in a circuit or superior court, provides adequate protection for the financial support and independence of city courts, and hold that such avenue must be followed by them. We consequently declare that in future cases of this nature, Ind.R.Tr.P. 60.5 will not apply. However in exercise of this court's inherent judicial authority, in order to avoid unnecessary waste of judicial time and effort we determine that this case be brought to final disposition at all judicial levels according to the rule.

■ The second issues presented in this review are whether the special judge applied the proper legal standards, and whether his findings are supported by sufficient evidence. It is elementary that the mandate power is essential to satisfy the need of society that it be continuously served by its courts. Funds sought through the exercise of this extraordinary measure must be shown necessary to maintain the court at a degree of efficiency necessary to discharge its duties and neither extravagant, arbitrary nor unwarranted. *Hatcher v. State ex Rel. Work, supra.* The presiding court must meet with the appropriate fiscal authorities before issu-

ing a mandate order. Due consideration must be given to any adverse effect which the order would have on specific fiscal and other interests of the unit from which the funds would come. *State ex rel. Lake Co. Council v. Lake Co. Court* (1977), 266 Ind. 25, 359 N.E.2d 918.

The special judge made written conclusions of law determining that the repairs to specified facilities of the court were necessary to permit the court to operate effectively, that the funds at the level approved were available and that the partial granting of the mandate would not adversely affect the functions of the city. The findings reflect meetings between the judge and the city officials in conjunction with prior requests for the funds. The mandate order was not upheld in the areas of additional personnel, space, and salaries. Counsel fees were declared collectible, but the setting of them was reserved for further proceedings.

The order as approved by the special judge required that the City appropriate $30,000.00 for use by the presiding judge in repairing the court facilities or in the alternative to take other specified action which would lead to equivalent results. These records adequately demonstrate that the special judge applied the appropriate legal standards.

■ The hearing below saw evidence showing holes in the walls of the women's restroom. Two urinals were inoperative in the men's restroom. Drapes in the courtroom were tattered and ragged. Jury chair upholstery was torn. Tiles of the courtroom floor were torn and missing. Seats in the courtroom were not firmly affixed to the floor and needed refinishing. Water damage exists in the walls and windows. The public address system did not work, and the door locks were broken. Probation cases had increased dramatically, while salaries and staff were unchanged or lower. Unemployment in the city was very high and operating revenues of the city were lower. Money for local government was scarce. The court had met with local authorities concerning the need for additional staff and improvements to facilities.

The written findings of fact by the special judge are consistent with and are supported by the evidence recited above. The findings in turn provide a substantial predicate for the court's conclusions.

The judgment is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ. concur.