## ACORD v. BOOTH et al.

No. 1876.   Decided January 20, 1908 (93 Pac. 734).

MUNICIPAL CORPORATIONS—PROCEEDINGS OF COUNCIL—RIGHT OF PUBLIC TO BE PRESENT—COMMITTEE OF THE WHOLE. Revised Statutes 1898, section 202, requiring a city council to sit with open doors, extends to a session of the council while sitting as a "committee of the whole," and the public cannot be excluded therefrom.

APPEAL from District Court, Fourth District; J. E. Booth, Judge.

Action by A. F. Acord against A. L. Booth and others, members of the city council of Provo City, and William K. Henry, marshal, for damages for exclusion from a session of the council while sitting as a committee of the whole. Judgment for plaintiff, and defendants appeal.

AFFIRMED.

*D. H. Thomas, Booth & Cluff* and *Thurman, Wedgwood & Irvine for appellants.*

*J. W. N. Whitecotton* for respondent.

FRICK, J.

The plaintiff in his complaint, after alleging his citizenship, the corporate existence of Provo City as a municipal corporation, and the official positions of the defendants, proceeds in substance as follows: That on the 18th day of June, 1906, the defendants, except William K. Henry, were holding a regular session of the city council of Provo City in the council chamber provided by that city; that plaintiff was present and attended said council meeting; that during the session of said council, for the purpose of carrying on the deliberations of said council in secret, and to prevent the public, and especially the citizens of Provo City, from knowing what was being done by said council in said session, upon motion made and carried for that purpose, said council resolved itself into a committee of the whole council, and wrongfully and unlawfully ordered that all persons, except the members thereof, the mayor of Provo City, and the defendant William K. Henry, as city marshal, be excluded from said council chamber while said defendants as the city council of Provo City were discussing matters affecting the general welfare of said city; that plaintiff was lawfully present at said session, and his conduct was quiet and inoffensive, and he desired to remain in attendance on said session, and so informed said defendants; that, notwithstanding his right to be present and his insistence upon such right, said defendants, as members of and constituting said council, unlawfully and wrongfully instructed said William K. Henry, as city marshal, to remove the plaintiff from said chamber and said session; that in pursuance of said order said Henry, as city marshal, told the plaintiff that he must leave said chamber, and that, if he did not leave immediately, he, said Henry, would forcibly eject the plaintiff from said chamber; that, to avoid forcible ejection, plaintiff left said chamber, and that he, by the means and manner aforesaid, was excluded from said session of said council; that, if plaintiff had not left said chamber, said marshal would have put the plaintiff out by the use of force and violence; that by reason of being forced to leave said council chamber and the session of said council the plaintiff did

suffer great humiliation, chagrin, and indignity, and was deprived of his right to be present at and hear the deliberations of said council, to his damage in the sum of $50. The defendants filed a general demurrer to the complaint. The demurrer was overruled, and the defendants answered jointly, admitting the official capacity of the defendants, the corporate existence of Provo City, and denying all the other allegations of the complaint. A trial was had to a jury upon the issues joined, which resulted in a verdict for plaintiff, in which the jury assessed his damages at one cent. Judgment was duly entered upon the verdict. Defendants appeal.

It is urged that the court erred in not sustaining the demurrer, for the reason that the complaint does not directly nor sufficiently allege that the plaintiff was either forcibly ejected from or against his will compelled to leave the council chamber while the council was in session as in committee of the whole council. It will be observed that the plaintiff does not predicate his right of recovery upon an assault and battery, nor for an injury arising from such a cause. The right of action is based upon his right to be present during the session of the city council as a public body while discharging public duties. The action is for the purpose of vindicating a right rather than for the purpose of recovering damages as compensation for injuries sustained. If the plaintiff had not a legal right to be present and the city council had the right to hold secret sessions and exclude the public therefrom, then the complaint perhaps is vulnerable to the objection urged. Chapter 3 of the Revised Statutes of Utah of 1898 covers the subject of council meetings, of which section 202 is a part, and provides: "It shall sit with open doors and keep a journal of its own proceedings." The question, therefore, is: Did the city council have the right to exclude the public, including the plaintiff, from its sessions while sitting in the capacity of what, in parliamentary law, is termed the "committee of the whole"? The practice of conducting business through the committee of the whole has for many years prevailed in legislative and deliberative bodies. Such a committee is no more than the assembly or body itself transacting a part of

its business through what is termed the committee of the whole. The committee, therefore, as its name implies, amounts to this: That the particular body or assembly is carrying on a part of its legislative or deliberative functions as a committee composed of all its members. The committee, as is well known, cannot be in session unless the legal or parliamentary body of which it is composed is in session. It cannot adjourn to meet again at some other time or place. Whenever it rises, it must at once report its conclusions to the main body, and that body either rejects, approves, or modifies any matter reported to it. It is quite true that, since a majority of the committee is also generally a majority of the whole body, any matter agreed to in committee of the whole will likely be agreed to when it comes before the main body. The committee of the whole has, in modern times, in legislative and deliberative bodies become almost a matter of necessity. When the main body resolves itself into such committee, it does so for the purpose of escaping from the restraint that is placed upon its members under the rules governing the procedure of the main body. Debate and discussion are freer, and the secretary or clerk is relieved from recording all motions made and proceedings had, since all these are finally incorporated into the report which the presiding officer of the committee makes to the presiding officer of the main body. The report is addressed to the presiding officer of the main body, and is made to the same assembly and to the same members from whom it emanates. The whole purpose, therefore, of forming the committee of the whole, is to consider matters coming before the main body in an informal manner, as it is sometimes called. The committee of the whole, therefore, is nothing but the main body considering its business under suspended rules applicable to the main body. It is the same body transacting business in an informal instead of a formal manner under strict rules. All this is made clear by L. S. Cushing in his work entitled "Law and Practice of Legislative Assemblies," pp. 1009-1018, in paragraph 32 of Roberts' Rules of Order, and likewise at pages 220 and 237 of Waples' Handbook of Parliamentary Practice. Mr. Cush-

ing, in the work referred to, after tracing the history of the committee of the whole at some length, in speaking of its modern purpose, at page 1013, says:

"In the foregoing remarks, the history of the introduction and establishment of this form of proceeding has been traced. It remains now to be seen what advantages, if any, it possesses over the ordinary mode; for, except that it furnishes an occasional relief to the speaker and that members are allowed in committee to speak more than once to the same question, it is difficult at the present day to perceive any other difference between the house and the committee of the whole house than that the speaker presides in the former and a chairman in the latter."

The foregoing remarks with regard to the difference between the procedure of the committee of the whole house of Congress and the House itself is as applicable in principle to other legislative or deliberative bodies. No one would seriously contend that the lower house of Congress was not actually in session when sitting as the committee of the whole house. This, it seems to us, is true of all bodies when transacting business through a committee of the whole. That the committee of the whole city council of Provo City conformed, in a general way at least, to the usual methods pursued by such committees, the record leaves no room for doubt. The city council of Provo City, while sitting as a committee of the whole, still was the city council and conducting public business, which, we think, the public, including the plaintiff, had a legal right to hear. The statute would be robbed of nearly all of its force if it were construed to mean that the sessions of the city council should be open only so long as it transacted its business under the strict rules applicable to legislative bodies, but when it relaxed those rules so as to make debate and discussion freer it could close the doors against the public. To this the contention that no public business may actually be completed and no ordinances adopted or passed in the committee of the whole, and that the yeas and nays must be recorded so that any one may know just how each councilman casts his vote upon any question, is no an-

swer. No one need be present to ascertain the councilman's vote. These are matters of record, and may be ascertained at any time. This the Legislature knew when it adopted the statute requiring sittings to be open. The purpose was not that the public might know how the vote stood, but the purpose evidently was that the public might know what the councilmen thought about the matters in case they expressed an opinion upon them. 'Moreover, the public have the right to know just what public business is being considered, and by whom and to what extent it is discussed. These discussions and deliberations could thus all be taken up in committee of the whole, and the public be excluded from the very proceedings which the statute intended should be conducted with open doors.

It is, however, urged that there are certain matters pertaining to the city's business that, in the nature of things, might adversely affect public interests if conducted and discussed openly. This no doubt is true. In this regard, all such matters may be referred to and considered by special committees which may convene at any time and adjourn from time to time to consider and discuss any matter referred to them. To these committee meetings the statute does not apply. It does not follow, as is urged by the defendants, that, since the statute does not apply to these committee meetings, therefore it does not apply to the sessions of the whole body when it calls itself the committee of the whole. If there are matters which require special attention from the whole membership of the council, we know of no law, nor of any rule of procedure, which prohibits the mayor from including all the members in such a special committee which must hear and consider the facts and report its findings thereon to the council the same as any other committee must do. While this would be a committee composed of all the members, it still would not be a committee of the whole, as that term is used in parliamentary law and procedure; nor could such a committee be formed as the committee of the whole is formed, nor could it transact the business in the manner as is done by the committee of the whole. We are of the opinion, therefore, that city councils have not

the right to exclude the public, or any individual, from its sessions while sitting as a council under the ordinary rules, nor while sitting as a committee of the whole council. In either form of session public business is being discussed and transacted which the statute contemplates shall be open to the public. In this view the complaint stated a good cause of action.

It also follows from what has been said that the evidence is sufficient to sustain the verdict, since the evidence supports the allegations contained in the complaint. From these views it further follows that the other errors assigned need no special consideration. The defendants could not have been prejudiced by the questions put to and the answers elicited from the defendant Henry. If the principle insisted upon by defendants' counsel were as broad as they claim it to be, then there might possibly be error with regard to the questions and answers aforesaid, but it is not so broad, and, as we view it, is not applicable to this case.

The judgment therefore is affirmed, with costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.