

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 23, 1973

Honorable David Wade                    Opinion No. H- 3
Commissioner
Texas Department of Mental Health       Re:  Construction of
and Mental Retardation                       Article 6252-17,
P. O. Box 12668, Capitol Station             Vernon's Civil
Austin, Texas                                Statutes (the
                                             "Open Meetings
Dear Dr. Wade:                               Act").

        Your letter requesting an opinion of this office
states:

        "In order for the Texas Board of Mental
        Health and Mental Retardation to more effi-
        ciently manage its affairs, it desires to
        divide its membership into various committees.
        Those matters to be presented to the Texas
        Board of Mental Health and Mental Retardation
        would first be assigned to the appropriate
        committee.  The various committees would at
        their discretion meet with members of the
        Texas Board of Mental Health and Mental
        Retardation staff to discuss and study the
        matter before it and would recommend a course
        of action to the Texas Board of Mental Health
        and Mental Retardation at its open public
        meeting.  Any member of the Texas Board of
        Mental Health and Mental Retardation could
        attend these committee meetings and discuss
        the matters under consideration but only
        committee members would be allowed to vote
        on what recommendation the committee was to
        make to the Texas Board of Mental Health and
        Mental Retardation.

        "These committee meetings would not be
        open to the public and no notice of such meetings
        would be posted.

-6-

"Your opinion is respectfully requested with respect to whether or not the procedure as outlined above violates Article 6252-17, V.A.C.S."

Appropriate portions of Article 6252-17, Vernon's Texas Civil Statutes (the "Open Meetings Act"), read as follows:

"Section 1. (a) Except as otherwise provided in this Act, every regular, special, or called meeting or session of every governmental body shall be open to the public.

"(b) A 'governmental body,' within the meaning of this Act, is any board, commission, department, or agency within the executive department of the state, which is under the direction of three or more elected or appointed members. . ."

"Sec. 2.

". . . .

"(d) The provisions of this Act shall not apply to periodic conferences held among staff members of the governmental body. Such staff meetings will be only for the purpose of internal administration and no matters of public business or agency policies that affect public business will be acted upon."

". . . .

"Sec. 3A. (a) Written notice of the date, place, and subject of each meeting held by a governmental body shall be given before the meeting as described by this Section."

The provisions of Article 6252-17, V.T.C.S. are mandatory and are to be liberally construed to effect its purpose. Toyah Ind. Sch. Dist. v. Pecos - Barstow Ind. Sch. Dist., 466 S.W.2d 377 (Tex.Civ.App. 1971, no writ). The Court in that case recited the legislative purpose for the enactment

-7-

of the statute to be one"of assuring that the public has the opportunity to be informed concerning the transactions of public business". In determining whether a particular meeting of the School Board was to be declared voidable, the Court asked itself:

> "Is /the above state legislative7 purpose effected by an interpretation which declares that action taken at an illegal meeting cannot be questioned?" (466 S.W.2d at 380)

The Texas Board of Mental Health and Mental Retardation is a "governmental body" within the meaning of the statute. Texas Liquor Control Bd. v. Continental Distilling Sales Co., 199 S.W.2d 1009, 1013 (Tex.Civ.App. 1947, no writ). Any meeting of the full Board for the purpose of discussing and studying a matter and deciding upon a course of action is required to be open to the public unless one of the statutory exceptions applies.

One of the exceptions provided by the Act is:

> "(d) The provisions of this Act shall not apply to periodic conferences held among staff members of the governmental body. Such staff meetings will be only for the purpose of internal administration and no matters of public business or agency policies that affect public business will be acted upon.

This exception would be unnecessary unless the Act applies to meetings within the body other than formal board meetings.

Your letter indicates an expectation that Board Members composing a committee created by the authority of the full Board would themselves periodically meet with the agency staff "to discuss and study the matter before it and. . . recommend a course of action to the Texas Board of Mental Health and Mental Retardation at its open public meeting".

Paraphrasing the question posed in the Toyah case, supra, we ask:

"Is the legislative purpose effected
by an interpretation which declares that
Board members acting as an official committee
of the Board may make decisions at private
meetings closed to the public, that the full
Board might lawfully accomplish only at a
meeting open to the public?"

A committee, assuming that its members did not compose
a quorum of the full Board, would have no power to bind the
Board on matters before it.  Nevertheless a real danger
exists that the full Board might become merely the "rubber
stamp" of one or more of its committees and thereby deprive
the public of access to the effective decision-making
process.  Cf. Acord v. Booth, 35 Utah 279, 93 Pac. 734(1908).

A holding that a committee, which makes recommendations
only, is governed by the Open Meetings Act is not without
precedent.  The duty of the State Textbook Committee,
prescribed by statute, is to recommend to the State Commissioner
of Education a complete list of textbooks which it approves
for adoption.  Books not recommended by it cannot be adopted
by the State Board of Education.  In Attorney General's
Opinion M-136(1967) it was held that the exclusion of books
from schools is an important exercise of a governmental
function, undertaken by an agency of the government, whatever
its name, within the spirit and intent of the Act and that,
therefore, the Act applied.

In Attorney General's Opinion M-220(1968), the term
"meeting", as used in the Open Meetings Act, was defined
as "one in which the members of the governmental body
transact official business with which such agency is charged
to perform".  The word "transact" was not defined.  However,
it connotes an interchange of ideas or actions and is broader
than the word "contract".  A "transaction" may involve
negotiations or dealings only partly concluded.  See Bozied
v. Edgerton, 58 N.W.2d 313 (Minn., 1953); Securities and
Exchange Commission v. Talley Industries, Inc., 399 F.2d 396 (2d
Cir.1968); Knoepfle v. Suko, 108 N.W.2d 456, 462 (N.D., 1961);
Webster's Third New International Dictionary, p.2425;
Black's Law Dictionary, 4th Ed., p.1668; 42 Words & Phrases
335.

Whatever are the limitations placed on the activities of Board Members meeting in private, it is clear that staff members of the governmental body can meet and confer privately only for purposes of internal administration and that no matter affecting public business may be acted upon at such meetings. Since Staff members themselves have no power to act for the Board in the formal sense, the Legislature must have had in mind actions of a less final nature when it prohibited staff members from privately meeting to act on public business. The obvious purpose was to avoid pro forma public approval by the agency of matters already privately determined by its staff, and to insure that policy decisions and deliberations would not be made in bureaucratic isolation, but exposed to the view of the interested public. A staff meeting called for the purpose of making recommendations to the Board for action in matters before the Board would seem to be within the prohibition.

It would be strange if the Legislature intended that staff members could act otherwise at private staff meetings so long as one or more members of the Board, acting as a committee, were present, and it is the opinion of this office that the Legislature had no such intention. It follows that a committee of Board members may not meet privately and without complying with the provisions of Article 6252-17 with staff members for the purpose of formulating recommendations to be made to the full Board concerning the disposition of matters before the Board. Therefore, our answer to the question posed by your letter as it applies to this particular situation, is in the negative.

This opinion must be construed as limited to the question you asked. It is our understanding that the Board is concerned primarily with formulating basic and general policies and not with particular, individual cases or case histories. Art. 5547-202, Sec. 2.11(a), V.T.C.S. It is not our intent to hold that information concerning identified individuals should be made public, in violation of Sec. 2.23(c) of Art. 5547-202, V.T.C.S.

## - S U M M A R Y -

Official committees composed of members of governmental bodies regulated by Article 6252-17, Vernon's Texas Civil Statutes, meeting to formulate recommendations for the disposition of matters pending before the parent body, must comply with the "notice" and "open meeting" provisions of Article 6252-17.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

-11-