THE NEWS AND OBSERVER PUBLISHING COMPANY, A CORPORA-
TION, FRANK A. DANIELS, JR., CLAUDE SITTON, LINDA WIL-
LIAMS AND NICK PETERS v. INTERIM BOARD OF EDUCA-
TION FOR WAKE COUNTY, A BODY POLITIC AND CORPORATE, AND
F. ROLAND DANIELSON, A. ROY TILLEY, J. C. KNOWLES,
SUE N. BYRNE, MARY M. GENTRY, BILLY R. JOHNSON,
JAMES E. ATKINS, VERNON MALONE, W. CASPER HOLROYD,
JR., CLIFFORNIA WIMBERLY, MELVIN L. FINCH, JR., SAM-
UEL S. RANZINO, JOHN T. MASSEY, JR., AND H. GILLIAM
NICHOLSON, INDIVIDUALLY AND AS MEMBERS OF THE INTERIM
BOARD OF EDUCATION FOR WAKE COUNTY

No. 7610SC24

(Filed 7 April 1976)

1. Municipal Corporations § 6; Schools § 4— open meetings law — excep-
   tions — strict construction — burden of proof
       Exceptions to the N. C. open meetings law, Art. 33B of Ch. 143
   of the General Statutes, should be strictly construed, and those seek-
   ing to come within the exceptions should have the burden of justifying
   their action.

2. Schools § 4— open meetings law — board of education — selection of
   new member — closed session improper
       Applying a strict construction to G.S. 143-318.3(b) which pro-
   vides that governing bodies specified in G.S. 143-318.1 should be
   allowed to hold closed sessions to consider information regarding the
   appointment, employment, discipline, termination or dismissal of an

employee or officer under the jurisdiction of such body, the Court holds that a member of defendant Board is not an "officer" of the Board within the contemplation of the open meetings law.

3. **Schools § 4— open meetings law — board of education — committee of the whole — closed meeting unjustified**

Though there may be instances in which a board of education would be justified in meeting as a committee of the whole and in closed session to investigate persons under consideration for appointment to the board, a board cannot evade the provisions of statutes requiring its meetings to be open to the public merely by resolving itself into a committee of the whole; the defendant Board in this instance failed to justify its closed session. G.S. 143-318.4(7).

4. **Schools § 4— board of education — filling of vacancy by secret ballot — open meetings law violated**

The trial court properly determined that the defendant Board violated the open meetings law by voting for a person to fill a vacancy by secret ballot.

5. **Schools § 4— open meetings law — board of education — required notice of meetings**

In the absence of statutory provisions for notice, defendant Board should give *reasonable* notice of its meetings, taking into consideration the urgency of the matter necessitating the meeting; though the one-hour notice given by telephone to the office of two newspapers in the instant case was insufficient, the trial court's requirement of 48 hours' notice for all meetings is unreasonably long.

APPEAL by defendants from *Bailey, Judge.* Order entered 31 December 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 9 March 1976.

In their complaint, filed 19 December 1975, plaintiffs allege, among other things, that on 16 December 1975 defendants, except defendants Ranzino, Massey and Nicholson, held a closed or secret meeting in violation of the provisions of Art. 33B of Chapter 143 of the General Statutes of North Carolina. Plaintiffs asked that they be granted temporary and permanent injunctive relief.

Pursuant to proper notice, the court held a hearing on plaintiffs' motion for a preliminary injunction. Following the hearing, the court entered an order finding facts summarized (except where quoted) in pertinent part as follows (numbering ours):

(1) Plaintiff publishing company is a North Carolina corporation, engaged in publishing two daily newspapers in Raleigh. The other plaintiffs are citizens and residents of Wake

County. Plaintiff Daniels is the president, and plaintiff Sitton is the vice-president and editorial director of plaintiff corporation. Plaintiffs Williams and Peters are employees of plaintiff corporation, reporters for the newspapers published by plaintiff corporation, and were assigned by their employer to attend and report the proceedings of the meeting in question.

(2) Defendant Board of Education (Board) was created pursuant to Chapter 717 of the 1975 Session Laws. The individual defendants are citizens and residents of Wake County and on 16 December 1975 constituted the members of defendant Board, defendant Danielson being the chairman of said Board.

(3) Pursuant to a call by defendant Danielson, a special meeting of the Board was held on Tuesday, 16 December 1975, commencing at 11:00 a.m., in Room 710 of the Wake County Courthouse for the purpose of selecting a person to fill a vacancy on the Board created by the resignation of John T. Kanipe. No written notice of said special meeting was provided members of the Board, nor was any notice provided the public in advance of said meeting other than a message by telephone to the office of the corporate plaintiff at approximately 10:00 a.m. on the day of said meeting.

(4) All of the individual defendants, except defendants Ranzino, Massey and Nicholson, were present and met together at said time and place for the purpose of participating in deliberations, or voting upon or otherwise transacting the public business within the jurisdiction of the Board.

(5) At the beginning of the meeting, plaintiffs Williams and Peters were present. By a unanimous vote the Board accepted the resignation of Mr. Kanipe after which defendant Holroyd placed in nomination the names of eight persons to fill the vacated position. Thereupon, a motion was made and seconded that the Board hold an executive session to consider the nominations. Plaintiffs Williams and Peters informed the Board that they had been advised that an executive session was not authorized under the North Carolina Open Meetings Law. Following considerable discussion and a short recess, defendant Danielson stated that he had been advised by the attorney for the Board that an executive session, closed to the public and press, could be legally held if the Board named a committee of the Board as a "committee of the whole" to study or investigate the matter. A motion was then made by defendant Knowles

and seconded by defendant Gentry that the Board go into executive session for purpose of considering nominations for the vacancy. At that point defendant Danielson stated in substance: "You understand that I have to officially name the Board as a committee of the whole." The motion passed with defendants Knowles, Gentry, Tilley, Byrne, Johnson, Atkins and Malone voting in the affirmative and defendants Holroyd, Wimberly and Finch voting in the negative. Defendant Danielson proceeded to appoint the members of the Board as a committee of the whole to study and investigate the names recommended. At that point plaintiffs Williams and Peters left the meeting room.

(6) All of the individual defendants, except defendants Ranzino, Massey and Nicholson, remained in session pursuant to the motion for holding an executive or closed session. During that time no person was allowed to be present except said Board members and the secretary of the Board. Plaintiffs Williams and Peters, who are citizens of Wake County, were excluded from the session and the deliberations of the Board.

(7) After an interval of time, the Board concluded the closed session and continued with the meeting, during the remainder of which plaintiffs Williams and Peters were allowed to attend. Plaintiff Peters did not attend the meeting following the closed session. During the resumed meeting following the closed session, defendant Holroyd again presented to the Board the names of the eight persons previously nominated for the vacant position. Thereupon, a motion was made and adopted that the vote be by secret ballot. The individual defendants present marked ballots and handed them to the Board secretary at which time defendant Danielson remarked that he would not vote except in case of a tie. The Board secretary examined the secret ballots and announced that a majority of the votes had been cast for Mrs. Charlotte M. Martin. A motion was then made by defendant Knowles, seconded by defendant Johnson, and unanimously adopted that Mrs. Martin be elected to fill the vacancy on the Board, that her name be submitted to the City Council with the request that she be named to the Raleigh City Board of Education to fill the vacancy created by the resignation of Mr. Kanipe, and that she be officially installed as a member of defendant Board at a meeting to be held on 12 January 1976.

(8) Plaintiffs and other members of the public similarly situated were excluded from and denied access to the aforesaid executive or closed session of the Board by the individual defendants present at said meeting, and they were "denied access to the voting (following the executive session) for a person to fill a vacancy on the defendant Interim Board by reason of the voting by secret ballot."

(9) The legal rights of the individual plaintiffs to attend meetings of defendant Board as provided in Art. 33B of Chapter 143 of the General Statutes of North Carolina are insecure; a real controversy exists between plaintiffs and defendants and the legal rights of plaintiffs to attend meetings of the Board will remain uncertain unless declared by the court; unless the Board and its members are restrained and enjoined from conducting further closed meetings in violation of said Article and Chapter of the General Statutes, pending a trial or hearing of this cause on its merits, plaintiffs and others similarly situated and the public will suffer immediate, pressing and irreparable damage and injury.

The remainder of the order provides as follows:

CONCLUSIONS OF LAW

1. The defendant Interim Board of Education for Wake County is a governmental body politic of the County of Wake, State of North Carolina, with powers and authority conferred upon it by the laws of the State of North Carolina, existing solely to conduct the people's business and the defendant Interim Board has or claims authority to conduct hearings, deliberate and act as a body politic and in the public interest.

2. On the 16th day of December, 1975, the individual defendants herein (except the defendants Samuel S. Ranzino, John T. Massey, Jr., and H. Gilliam Nicholson), constituting a majority of the members of the defendant Interim Board, met, assembled and gathered together, pursuant to a call of the Chairman of the Interim Board, for the purpose of participating in deliberations and voting upon or otherwise transacting the public business within the jurisdiction, real or apparent of the defendant Interim Board, which said meeting was an official meeting of the defendant Interim Board within the meaning and intent of G.S. 143-318.2, at which the individual defendants who

were present, as members of the defendant Interim Board, participated in deliberations and voted upon and otherwise transacted public business within the jurisdiction of the defendant Interim Board.

3. The requirements of G.S. Sec. 143-318.2 that official meetings of governmental boards be open to the public necessarily includes reasonable opportunity for the public to know of the time and place when such meetings will be held and a reasonable opportunity to attend, and necessarily creates a right of the public to be given prior reasonable notice of the time and place of every such meeting; the failure of the defendants to cause a notice to be given to the public of the time and place of the said meeting of the defendant Interim Board held on December 16, 1975, prior to the meeting, was in violation of the provisions of Article 33B of Chapter 143 of the General Statutes of North Carolina.

4. The election by the defendant Interim Board of a person to fill a vacancy on the Interim Board created by the resignation of a member thereof is not the appointment of an employee or officer under the jurisdiction of the defendant Interim Board, for the reason that any such person when elected is a coequal and independent member of the Board and is not subordinate to nor under the jurisdiction of the Interim Board; therefore, the defendant Interim Board was not authorized by the provisions of G.S. Sec. 143-318.3 (b) to hold a closed session from which the public was excluded while considering information regarding the appointment or election of a person to fill the vacancy on the defendant Interim Board created by the resignation of John T. Kanipe, who had been a member of the Board.

5. The defendant Interim Board and the individual defendants who were present at the meeting held on December 16, 1975, by purporting to transform the Interim Board into a "Committee of the Whole" and by holding an executive or closed session thereof, from which the public was excluded, violated the provisions of Article 33B of Chapter 143 of the General Statutes, and particularly the letter and the spirit of G.S. Sec. 143-318.1 and Sec. 143-318.2; and the defendant Interim Board by being so designated as a "Committee of the Whole" was not excluded

from the provisions of G.S. Sec. 143-318.2 under the provisions of G.S. Sec. 143-318.4(7) ; to permit the defendant Interim Board thereby to evade or circumvent the statutory requirements that its meetings be open to the public and that its deliberations and actions be conducted openly by declaring itself to be a "Committee of the Whole" would subvert and defeat the intent and purpose of the statute as set forth in G.S. Sec. 143-318.1 and G.S. Sec. 143-318.2.

6. The executive or closed session held by the defendant Interim Board and its members present on December 16, 1975, was not a session during which the defendants had authority to exclude the public under G.S. Sec. 143-318.3 for the reason that the excutive or closed session was held for a purpose of considering or deliberating upon a subject other than the subjects authorized by G.S. Sec. 143-318.3 to be considered during an executive or closed session; therefore, the holding of the said executive session and the exclusion of the public, including the individual plaintiffs, from such session was in violation of the provisions of Article 33B of Chapter 143 of the General Statutes of North Carolina.

7. The defendant Interim Board and the individual defendants present at the said meeting on December 16, 1975, violated the provisions of Article 33B of Chapter 143 of the General Statutes of North Carolina, by excluding the public, including the individual plaintiffs, from attending a session of the defendant Interim Board held on December 16, 1975, during which the defendant Interim Board and the said individual defendants in attendance deliberated upon and considered matters and otherwise transacted public business of the Board required to be open to the public by the provisions of G.S. Sec. 143-318.2.

8. The said defendants, by taking a vote by secret ballot for the election of a person to fill the vacancy on the Interim Board created by the resignation of John T. Kanipe, effectively deprived the public and the plaintiffs from knowledge of the votes made by the various individual members of the Interim Board, in violation of the provisions of G.S. Sec. 143-318.1 and G.S. Sec. 143-318.2, requiring actions of public boards to be conducted openly and open to the public.

9. The legal rights of the individual plaintiffs to attend meetings of the defendant Interim Board of Education for Wake County, as provided in Article 33B of Chapter 143 of the General Statutes of North Carolina, are insecure; a real controversy exists between the plaintiffs and the defendants, and the legal rights of the plaintiffs to attend meetings of the said Interim Board will remain uncertain unless declared by this Court; unless the defendant Interim Board and its members are restrained and enjoined from conducting further closed meetings in violation of Article 33B of Chapter 143 of the General Statutes of North Carolina, pending a trial or hearing of this cause on its merits, the plaintiffs and others similarly situated and the public will suffer immediate, pressing, and irreparable damage and injury.

10. The plaintiffs Linda Williams and Nick Peters, who were on December 16, 1975, and are citizens of Wake County, were, by action of the defendant Board, specifically denied access to a meeting of the defendant Interim Board required to be open to the public by Article 33B of Chapter 143 of the General Statutes of North Carolina, and, therefore, the said plaintiffs have a right to compel compliance with the provisions of the said Article by injunction or other appropriate relief, as provided by G.S. Sec. 143-318.6.

And the Court further finds and concludes that the facts of this case are not controverted and that there is no just reason for delay in an appeal from this Order, if the defendants are advised that an appeal should be taken.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT, PENDING THE FINAL DETERMINATION OF THIS CAUSE:

1. The defendant Interim Board of Education for Wake County and the individual defendants, as members of the said Board, and their successors in office, be and they are hereby restrained and enjoined from meeting, assembling or gathering together at any time or place of a majority of them for the purpose of conducting hearings, participating in deliberations, voting or otherwise transacting public business of the said Interim Board, except in conformity with the provisions of Chapter 143, Article 33B of the General Statutes.

2. The defendant Interim Board of Education shall cause a notice to be given to the public of every official meeting of the Interim Board, at least forty-eight (48) hours in advance of each such meeting, by posting on the outside of the door to the principal office of the Interim Board a written notice stating the time and place of such meeting.

3. The defendant Interim Board of Education for Wake County and the individual defendants, as members thereof, and their successors in office, be and they are hereby restrained and enjoined from voting by secret ballot on any matter required by statute to be open to the public; PROVIDED, HOWEVER, that the defendant Interim Board and its members are hereby expressly authorized to vote by written ballot on any such matter, but after every such vote, the ballots showing how each member of the Interim Board voted shall be open to inspection by any person.

4. The defendant Interim Board of Education be and it is hereby restrained and enjoined from designating itself as a Committee of the Whole under G.S. Sec. 143-318.4(7) and meeting in closed session as such to study, research and investigate nominees to fill a vacancy on said Board.

5. The defendant Interim Board of Education be and it is hereby restrained and enjoined from meeting in closed session to consider information regarding the appointment or election by the Board of a person to fill a vacancy on said Board.

IT IS FURTHER ORDERED that this preliminary injunction shall be effective upon the deposit by the plaintiffs into the Office of the Clerk of Superior Court of Wake County of the sum of $200.00 as security or such damage as the defendants may sustain by reason of this preliminary injunction if the Court decides upon final hearing that the defendants were wrongfully restrained.

Defendants appealed, assigning error.

*Lassiter and Walker, by William C. Lassiter, for the plaintiff appellees.*

*Robert L. Farmer for defendant appellants.*

*Wade H. Hargrove, Amicus Curiae.*

SCOPE OF REVIEW

BRITT, Judge.

The record recites that defendant appellants' sole exception "is the rendering and signing of the Order" by Judge Bailey dated 31 December 1975. That being true, appellate review is limited to the question of whether error of law appears on the face of the record. While this permits us to review the conclusions of law and to determine if the facts found or admitted support the order, it does not present for review the findings of fact or the sufficiency of the evidence to support them. 1 Strong, N. C. Index 2d, Appeal and Error § 26, and cases therein cited. Therefore, defendants' contentions that certain findings of fact are not supported by the evidence will not be considered.

PERTINENT STATUTORY PROVISIONS

This action involves an interpretation of portions of the North Carolina Open Meetings Law enacted by the 1971 General Assembly. Ch. 638, 1971 Session Laws, codified as Art. 33B of Ch. 143 of the General Statutes.

G.S. 143-318.1 provides as follows:

"Public policy.—Whereas the commissions, committees, boards, councils and other governing and governmental bodies which administer the legislative and executive functions of this State and its political subdivisions exist solely to conduct the peoples' business, it is the public policy of this State that the hearings, deliberations and actions of said bodies be conducted openly."

G.S. 143-318.2 requires in substance that all official meetings of the governing and governmental bodies of the State and its political subdivisions, including all county, city and municipal committees and boards which have or claim authority to conduct hearings, deliberate or act as bodies politic and in the public interest, shall be open to the public.

G.S. 143-318.3 sets forth those instances in which the bodies coming within the ambit of the law may hold executive sessions and exclude the public from their deliberations. G.S. 143-318.4 specifies certain agencies or groups that are excluded from the provisions of G.S. 143-318.2.

### BOARD MEMBER NOT AN "OFFICER" OF BOARD

Defendants contend first that the excutive session complained of here was authorized by G.S. 143-318.3(b) which provides in pertinent part as follows: "This Article shall not be construed to prevent any governing or governmental body specified in G.S. 143-318.1 from holding closed sessions to consider information regarding the appointment, employment, discipline, termination or dismissal of an employee or officer under the jurisdiction of such body. . . ." Defendants argue that a member of the Board is an "officer" under the jurisdiction of the Board, therefore, a closed session to consider information regarding the appointment of such officer is authorized. We reject this argument.

[1] Ordinarily a strict or narrow construction is applied to statutory exceptions to the operation of laws, and those seeking to be excluded from the operation of the law must establish that the exception embraces them. 73 Am. Jur. 2d, Statutes § 313, pp. 463-64 (1974). While neither our Supreme Court nor this Court has spoken on the question of strict construction as it pertains to our open meetings law, courts of other states have held that exceptions to their open meeting statutes allowing closed meetings must be narrowly construed since they derogate the general policy of open meetings. See *Illinois News Broadcasters Ass'n v. Springfield*, 22 Ill. App. 3d 226, 317 N.E. 2d 288, 290 (1974); *Laman v. McCord*, 245 Ark. 401, 432 S.W. 2d 753 (1968); *Times Publishing Company v. Williams*, 222 So. 2d 470 (Fla. App., 1969); *Town of Palm Beach v. Gradison*, 296 So. 2d 473 (Fla., 1974). We are convinced that these principles are sound; that exceptions to our open meetings law should be strictly construed and that those seeking to come within the exceptions should have the burden of justifying their action.

[2] We think the term "under the jurisdiction of" implies one *subordinate* to the Board. For the most part, defendant Board is the aggregate of its members, who are coequal. Applying a strict construction to subsection (b), we hold that a member of defendant Board is not an "officer" of the Board within the contemplation of the open meetings law.

### COMMITTEE OF THE WHOLE

[3] Defendants next contend that the trial court erred in concluding that the closed session complained of was not authorized

by G.S. 143-318.4(7) when defendants attending the meeting were constituted a committee of the whole.

G.S. 143-318.4 specifies certain agencies or groups that are excluded from the open meetings law, subsection (7) providing as follows: "All study, research and investigative commissions and committees including the Legislative Services Commission." Defendants argue that the individual defendants attending the meeting in question became an investigative committee as envisioned by Subsection (7).

Dictionaries we have consulted define "committee of the whole" in terms of a legislative body. Plaintiff submits the Century Dictionary definition as follows: "—COMMITTEE OF THE WHOLE, a committee of a legislative body consisting of all the members present, sitting in a deliberative rather than a legislative character, for formal consultation and preliminary consideration of matters awaiting legislative action." 1 Century Dictionary 1131 (1889).

We think the term is entitled to a broader reach and that utilization of the concept is warranted by groups other than legislative. By way of illustration, a brief look at the *modus operandi* of the House of Representatives of our State might be helpful.

Due to the large volume of proposed legislation, our House performs a major part of its work in a *regular* session through standing committees, finding it impossible for every member to participate in hearings and the careful scrutiny of every bill that is introduced. However, in a special or extra session, which usually considers only one or two questions, and usually lasts only a few days, the House often utilizes its rule providing for a Committee of the Whole House. *See* Journals for 1963 Extra Session dealing with Congressional redistricting; 1965 Extra Session dealing with the "Speaker Ban Law"; and 1966 Extra Session dealing with Congressional and Legislative redistricting and reapportionment. The Journals reveal that during those extra sessions practically all committee work was done by the House sitting as a committee of the whole.

The reasons for this procedure in an extra session are numerous. These include the fact that the house is dealing with a single subject, all of its members are available at the same time to meet as a committee for purpose of hearing statements from people who are not members of the House, and time is

minimized by having every member receive full information on which to base a judgment.

In like manner much of the routine work of city councils, boards of county commissioners, and boards of education, particularly in larger cities and counties, may be performed more efficiently by committees of fewer members than the entire board. However, there arise major or unusual problems or duties that require the combined and expeditious attention of the entire body and on those occasions the body could well utilize the committee of the whole procedure.

With respect to a board of education, we can envision instances in which the board would need to function as a committee of the whole in closed session in order to investigate certain matters. An example would be the theft or embezzlement of property when the board did not have proof as to the wrongdoer and means to determine the unknown culprit would have to be devised. Obviously, a discussion of the matter in a public meeting could destroy any plan to determine the wrongdoer. While an investigative committee composed of fewer than all members of the board might suffice, the gravity or complexity of the matter might justify the input and best judgment of every member. We can also envision instances in which a board of education would be justified in meeting as a committee of the whole and in closed session to investigate persons who are under consideration for appointment to the Board.

At the same time, we do not think a board can evade the provisions of statutes requiring its meetings to be open to the public merely by resolving itself into a committee of the whole. 56 Am. Jur. 2d, Municipal Corporations, Inc., § 161, p. 214 (1971) ; *Beacon Journal Publishing Co. v. Akron,* 3 Ohio St. 2d 191, 209 N.E. 2d 399 (1965) ; *Acord v. Booth,* 33 Utah 279, 93 P. 734 (1908). In our opinion, defendants failed to justify their closed session in the instant case.

As indicated above, the burden is on defendants to show that they came within one or more of the exceptions provided in the statutes. The findings of fact disclose: Prior to the closed session the names of eight persons were placed in nomination to fill the vacant position. Following the passage of a motion authorizing same, defendant Danielson proceeded to appoint the members of the Board as a committee of the whole to study and investigate the names recommended. At the resumed meet-

ing following the closed session, the names of the eight persons previously nominated were presented again.

We hold that defendants failed to show that their closed session came within the exception provided by G.S. 143-318.4(7).

### VOTING BY SECRET BALLOT

[4] Defendants contend the trial court erred in concluding that they violated G.S. 143-318.1 and G.S. 143-318.2 in voting by secret ballot. This contention relates to conclusion of law (7) and finding of fact (7) set forth above. We find no merit in the contention.

G.S. 143-318.1 declares the public policy of this State that deliberations and *actions* by bodies covered by the statute shall be conducted "openly." Clearly, voting for a person to fill a vacancy is "action" and we are unable to reconcile voting by secret ballot with "openly." *See State v. LaPorte Superior Court No. 2,* 249 Ind. 152, 230 N.E. 2d 92 (1967), in which the Supreme Court of Indiana held that a secret ballot vote by a county council was in violation of the Indiana Open Meetings Statute. No doubt we would have a different situation here if it had been disclosed how the individual defendants attending the meeting voted in their secret ballots. We hold that the trial court ruled properly on this point. *People ex rel. Hopf v. Barger,* 30 Ill. App. 3d 525, 332 N.E. 2d 649 (1975).

### NOTICE OF MEETINGS

[5] Defendants contend the court erred in ordering that defendant Board "cause a notice to be given to the public of every official meeting of the Interim Board" at least 48 hours in advance of each such meeting, by posting on the outside of the door to the principal office of the Board a written notice stating the time and place of such meeting. This contention has merit.

Art. 33B of G.S. Ch. 143 contains no requirement with respect to notice of meetings. We perceive no problem with respect to regular meetings where the Board publicizes that until further notice its regular meetings will be held on a specified date or dates of each month and at a specified hour and place. G.S. 115-28 authorizes a board of education to meet in special session upon the call of the chairman or of the secretary as often as the school business of the administrative unit may require, but contains no provision regarding notice of special meetings.

Neither party has cited, and our research fails to disclose, any statute that specifically provides for notice of a special meeting.

Nevertheless, it is obvious that the open meetings law would be meaningless unless the public had notice of meetings of the bodies covered by it. At the same time, we can envision emergencies that would mandate a special meeting of a board of education with considerably less notice than 48 hours.

We are aware of G.S. 153A-40 which requires 48 hours' notice of special meetings of boards of county commissioners, but that requirement does not apply to special meetings dealing with emergencies. In the absence of statutory provisions for notice, we think defendant Board should give *reasonable* notice of its meetings, taking into consideration the urgency of the matter necessitating the meeting. While we agree that the one-hour notice given by telephone to the office of two newspapers in the instant case was insufficient, we hold that 48 hours' notice for all meetings is unreasonably long.

We decline to specify the number of hours that would be "reasonable" but, considering modern means of communication, including newspapers, radio, etc., we feel that in a real emergency as little as six hours' notice to the public would be sufficient.

CONCLUSION

We affirm the order of the trial court except in the following respects:

(1) Paragraph numbered 2 of the final portion of the order (requiring at least 48 hours' notice to the public of every official meeting) is vacated.

(2) Paragraph numbered 4 of the final portion of the order (enjoining defendant Board from designating itself as a committee of the whole and meeting in closed session as such to study and investigate nominees to fill a vacancy on the Board) is vacated.

Modified and affirmed.

Judges PARKER and CLARK concur.