OPINION
The appellant/cross-appellee, Marion Township Board of Trustees ("Board"), appeals from the judgment of the Marion County Court of Common Pleas awarding the appellee/cross-appellant, Jack L. Holliday ("appellee"), payment for twenty-five percent (25%) of his accrued sick leave and vacation time. The appellee appeals the decision of the trial court denying his request for a writ of mandamus to compel the Board to pay him cost of living raises accrued from April 2, 1981. For the following reasons, we affirm the judgment of the trial court in part and reverse in part.
The pertinent facts and procedural history of this case are as follows. Jack L. Holliday, the appellee, was the Chief of the Marion Township Fire Department from November of 1976 until his retirement on November 30, 1994. On November 30, 1994, the appellee sent a letter to the Board requesting payment for compensatory time, unused sick leave, and vacation time. The Board paid him $3,962.20 for his accrued vacation/compensatory time. The appellee claimed he was entitled to an additional $2,755.53 for vacation/compensatory time. He also contends that he is entitled to be paid 25% of his accumulated sick leave, an amount equal to $22,796.16, as per the agreement between the Board and the firefighter's union.
On March 6, 1997, the appellee filed a petition for writ of mandamus and a complaint for declaratory and injunctive relief and damages in the Marion County Court of Common Pleas. He sought an order compelling the Board to correct their minutes to reflect that they decided to pay him 25% of his accrued sick leave upon his retirement and that they also be ordered to pay him 25% of his accrued sick leave in the amount of $22,796.16 and the balance of his vacation/ "comp" time in the amount of $2755. 53. The appellee also requested that the court issue a judgment declaring him an intended third-party beneficiary of the collective bargaining agreement between the Board and Local 2134. On April 7, 1999, the Board filed an answer and counterclaim in this matter. They claimed that the appellee had been unjustly enriched and sought repayment in the amount of $6141.41. On October 9, 1998, the appellee amended his complaint to include a claim for cost of living pay increases totaling $90,000, dating back to April 2, 1981.
On December 22, 1998, a bench trial was held in this matter. On February 22, 2000, the trial court issued a judgment entry awarding the appellee payment for 255 hours of his accrued sick leave ($22,796.16) and for 153 hours of accrued vacation time ($2755.53). The trial court found that through custom and practice, the appellee had become an intended third-party beneficiary of the union contract, and was therefore entitled to payment of 25% of his accumulated sick leave. The trial court denied the appellee's claim for past due cost of living increases as well as the Board's counterclaims. It is from this judgment that the parties now appeal.
 Board of Trustees' First Assignment of Error The trial court erred when it ruled that the Plaintiff-Appellee, Jack L. Holliday, was entitled to Twenty-Five Thousand Five Hundred Fifty-One Dollars and Sixty-Nine Cents ($25,551.69) with interest based upon the finding of custom and practice by the Marion Township Trustees.
 The Marion Township Board of Trustees allege that the trial court erred in determining that the appellee was entitled to payment based solely on custom and practice. For the following reasons, we agree.
R.C. 121.22, commonly referred to as the Sunshine Law, requires public officials to take official action and to conduct all deliberations upon official business in open meetings unless the subject matter is specifically excepted by law. R.C. 121.22(A). Furthermore, a resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. R.C. 121.22(H).
In the case sub judice, it is undisputed that no action, concerning the payment of the appellee's accrued sick and vacation time, was taken in a formal meeting. It also appears that no action was ever taken, at any time, concerning this topic. The appellee alleges that certain Board members personally assured him that he would be paid the benefits in question, however, he cannot remember which Board members made these guarantees. The trial court held that the Board had established a policy of paying employees, at the time of their retirement, for 25% of their accumulated sick leave, through custom and past practices. Based solely on this finding, the trial court awarded the appellee $25,551.69, plus interest. The trial court cites no precedent for this contention and appears to completely ignore the provisions and purpose of R.C. 121.22.
In 1975, the Ohio legislature enacted the current version of the Sunshine Law in response to the Ohio Supreme Court's decision in Beacon Journal Publishing Co. v. Akron (1965), 3 Ohio St.2d 191. See Ohio Legislative Service Commission, Summary of 1975 Enactments, Jan. — Oct. 204. In Beacon, the Ohio Supreme Court held that the then existing Sunshine Law permitted a public body to deliberate upon a proposed course of action in closed session so long as the public body adopted or passed a resolution, rule, regulation or formal action in open session. Beacon, supra. The revised Sunshine Law statute eliminates the Ohio Supreme Court's interpretation in Beacon. State ex rel. Mason v. State Emp.Relations Bd. (1999), 133 Ohio App.3d 213.
The Ohio Supreme Court addressed the purpose behind the Sunshine Law, as it exists now, in White v. Clinton Cty. Bd. ofCommrs. (1996), 76 Ohio St.3d 416. In White, the court held that the Sunshine Law prevents important decisions from being made behind closed doors. Id. at 420. The Sunshine Law enables the public to observe and understand the actions of their elected officials. Id. at 418. The court went on to say, "these principles are a bedrock of our society and are essential to our popular form of government." Id.
Based upon a plain reading of R.C. 121.22 and the legislative history behind its enactment, the trial court's finding that a public body can make decisions solely through past actions is clearly erroneous. Such a determination is in direct contravention with Ohio's Sunshine Law. Accordingly, the Board's first assignment of error is well taken and is sustained.
 Board of Trustees' Second Assignment of Error The trial court erred when it determined that Plaintiff-Appellee was a third-party beneficiary to the union contract.
 The Board of Trustees contend that the trial court's determination that the appellee was a third-party beneficiary to the union contract is erroneous. For the reasons set forth below, we agree.
In order for the appellee to be a third-party beneficiary of the contract with the ability to enforce the contract between the Board and the union, he must be an intended beneficiary rather than an indirect or incidental beneficiary. Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36. The contract must be made and entered into with the intent to benefit the third party. Cullen v. Ohio Dept. of Rehab. Corr. (1998), 125 Ohio App.3d 758.
In Norfolk Western Co. v. United States (C.A.6, 1980)641 F.2d 1201, 1208, the United States Court of Appeals for the Sixth Circuit, applying Ohio law, explained the "intent to benefit" test, a test used to determine whether a third party is an intended or incidental beneficiary:
 Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an intended beneficiary who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an incidental beneficiary, who has no enforceable rights under the contract.
 The collective bargaining agreement between the Board and the firefighters union reads, in pertinent part, as follows:
 The Marion Township Trustees recognize Local 2134, International Association of Firefighters, as the exclusive bargaining agent for all full-time Firefighters/EMT * * *in the Marion Township Fire Department, specifically excluding these from the Chief and one (1) Captain in said department.
 It is clear from the plain language of the agreement that the appellee was not an intended third-party beneficiary of the union contract. Not only did the Board not intend to benefit the appellee, they specifically excluded him from receiving benefits under the contract.
The trial court reasoned that because non-union employees received some of the benefits that those covered under the contract received, that they should be entitled to all such benefits. The court based this finding on custom and practice. Again, the trial court's ruling is clearly erroneous and contrary to the law.
Accordingly, the Board of Trustee's second assignment of error is sustained.
 Chief Holliday's First Assignment of Error The Court of Common Pleas erred when it did not enter writs of mandamus compelling the Township to: (A) correct its minutes to reflect that the Chief, and other non-bargaining unit employees, were entitled to a pay-out of 25% of accrued sick leave at retirement and (B) pay the Chief the cost-of-living increases to which he is entitled under Township resolution.
 The appellee contends that the trial court erred in not requiring the Board to correct its minutes to reflect the court's ruling that he was entitled to be paid 25% of his accrued sick leave. As we have held above that the appellee was not entitled to payment for his accrued vacation and sick leave, his contention that the Board should be compelled to correct its minutes to reflect such entitlement is moot.
The appellee also argues that the trial court erred by finding that he was not entitled to certain cost of living raises. The appellee cites an April 2, 1981 resolution passed by the Board as support for this contention. The resolution in question reads as follows:
 Mr. Bowen moved the Chief Holliday's salary be raised to $22,000 per year, and that here after he will be receiving the same dollar amount that the Lts. receive with reference to Cost of Living increases. * * * Motion carried.
 The trial court held that while the evidence demonstrates that the appellee is entitled to the same cost of living increases the lieutenants received, there was no evidence presented to establish that the lieutenants ever received such raises. While the lieutenants did in fact receive raises over the years, none of the increases were designated as cost of living increases. It must also be noted that the appellee received periodic raises over the years as well. The trial court correctly found that the evidence did not support the appellee's claim for payment of past due cost of living increases.
 Accordingly, the appellee's first assignment of error is notwell taken and is overruled.
 Chief Holliday's Second Assignment of Error The Court of Common Pleas erred when it ruled that the cross-appellant's claims for violation of his rights to due process and equal protection were "not supported" because "plaintiff was not deprived of appropriate amounts of severance pay by anyone acting under color of state law."
 Chief Holliday's Third Assignment of Error The Court of Common Pleas erred when it ruled that the cross-appellant "failed to demonstrate any detrimental reliance in support of his claim of promissory estoppel."
 The appellee contends that the trial court erred in concluding that he had failed to establish his claims for violation of due process and equal protection rights. The appellee further contends that the trial court erred in determining that he had failed to provide evidence in support of his claim of promissory estoppel. A thorough review of the record clearly supports the trial court's decision. The appellee failed to provide sufficient evidence in support of his contentions.
Accordingly, the appellee's second and third assignments of error are overruled.
Having found error prejudicial to the Marion County Board of Trustees, the appellant/cross-appellee, herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Having found no error prejudicial to Chief Holliday, appellee/cross-appellant, herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and BRYANT, JJ., concur.