594 P.2d 1064 (1979)
The ESTATE of Bryan F. BURRON, Plaintiff-Appellant,
v.
Robert L. EDWARDS, Defendant-Appellee.
No. 78-726.
Colorado Court of Appeals, Div. I.
January 25, 1979.
Rehearing Denied February 22, 1979.
Certiorari Denied May 14, 1979.
Williams, Trine & Greenstein, P.C., William A. Trine, Dominick & Hurley, Debra A. Hurley, Boulder, for plaintiff-appellant.
Joseph P. Jenkins, P.C., Joseph P. Jenkins, Estes Park, for defendant-appellee.
COYTE, Judge.
This appeal presents the issue of whether the survival statute, § 13-20-101, C.R.S. 1973, allows a claim for exemplary damages to survive the death of the injured person. We hold that the statute prohibits survival of this claim.
*1065 Prior to the death of Bryan F. Burron, he instituted an action against defendant seeking compensatory and exemplary damages arising from assault and battery. Burron died from an unrelated cause, and his estate was substituted as plaintiff. The trial court ruled that the exemplary damage claim did not survive and dismissed that claim. We affirm.
The statute in question, § 13-20-101(1), C.R.S.1973, provides:
"All causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding the death of the person in favor of or against whom such action has accrued, but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed; and in tort actions based upon personal injury, the damages recoverable after the death of the person in whose favor such action has accrued, shall be limited to loss of earnings and expenses sustained or incurred prior to death, and shall not include damages for pain, suffering, or disfigurement, nor prospective profits or earnings after date of death." (emphasis added)
In resolving the issue before us, we are mindful of three principles of statutory construction. First, since at common law there was no survival of personal injury actions, the above statute is in derogation of the common law and thus must be strictly construed. See McMillin v. State, 158 Colo. 183, 405 P.2d 672 (1965); In re Estate of Colacci, 37 Colo.App. 369, 549 P.2d 1096 (1976). Second, the General Assembly is presumed to have inserted every part of a statute for a purpose and to have intended that each part of a statute be given effect, McMillin v. State, supra. Third, a court may not engage in judicial legislation by adding to or subtracting from the specific words and phrases of a statute. See People ex rel. Van Meveren v. District Court, Colo., 575 P.2d 4 (1978).
Analyzing the statute in light of these principles, we note that it does not include exemplary damages among the types of damages which survive the death of a personal injury plaintiff. Consequently, we hold that upon the death of a personal injury plaintiff, any claim he might have had for exemplary damages also expires, and such damages may not be recovered by the decedent's estate or by any other party substituted in the action by virtue of his death.
The cases from other jurisdiction cited by the parties concern statutes with significant differences from ours, and so have no relevance to the above conclusion. Likewise, Swartz v. Rosenkrans, 78 Colo. 157, 240 P. 333 (1925), allowing punitive damages in a survival action, concerns a predecessor to the present statute which differs considerably from the version applicable here.
The judgment of the trial court dismissing the estate's claim for exemplary damages is affirmed.
PIERCE and KELLY, JJ., concur.