Ronald E. HENDERSON,
Plaintiff–Appellant,

v.

CITY OF FORT MORGAN, a municipal corporation and political subdivision of the State of Colorado; and City Council of the City of Fort Morgan, in its official capacity as a formally constituted public body, Defendants–Appellees.

No. 10CA1409.

Colorado Court of Appeals,
Div. VI.

Aug. 4, 2011.

Levine Sullivan Koch & Schulz, LLP, Thomas B. Kelley, Christopher P. Beall, Steven D. Zansberg, Denver, CO, for Plaintiff–Appellant.

Jeffrey A. Wells, City Attorney, Jerrae C. Swanson, Assistant City Attorney, Fort Morgan, CO, for Defendants–Appellees.

Halifax Legal LLC, Adam M. Platt, Denver, CO, for Amicus Curiae Colorado Press Association.

Geoffrey T. Wilson, Denver, CO, for Amicus Curiae Colorado Municipal League.

Opinion by Judge LICHTENSTEIN.

Plaintiff, Ronald E. Henderson, appeals the trial court's C.R.C.P. 12(b)(5) dismissal of his claims for injunctive and declaratory relief against defendant, City of Fort Morgan, asserting that the Fort Morgan City Coun-

cil's voting procedure violated the Colorado Open Meetings Law (COML). We affirm.

## I. Background

This dispute arises out of the Fort Morgan City Council's use of anonymous written ballots to fill two council vacancies and appoint a municipal judge during its public meetings in 2009 and 2010. *See* City of Fort Morgan Charter art. III, § 7 ("All votes of the council upon appointments shall be by ballot."). At the two public meetings concerning applicants for the city council positions, the council heard presentations from the applicants, and the public was given an opportunity to speak about the applicants. At the public meeting concerning the finalists for the municipal judge position, the council conducted interviews with each of the candidates. At each of the meetings, the council members voted by written ballot. The city clerk collected and tabulated the ballots and announced the appointees. The written ballots did not identify the council member who cast each vote, nor was this identifying information otherwise available or recorded.

Henderson, a resident of Fort Morgan, filed a complaint asserting that the council members' use of these ballots violated the COML. § 24–6–402, C.R.S.2010. Prior to filing the complaint, Henderson had obtained, through a request under the Colorado Open Records Act (CORA), copies of the ballots used by the city council. He sought to invalidate the appointments and enjoin the city council from using such ballots in the future.

Fort Morgan filed a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), asserting that (1) its ballot system, authorized by its charter, is not prohibited by the COML, and that (2) even if the voting provision in its charter conflicted with the COML, the charter controls because Fort Morgan is a home rule municipality and the charter's requirement that city officials be appointed by ballot is a matter of local concern. The trial court granted Fort Morgan's motion to dismiss on both grounds.

On appeal, Henderson contends that the trial court erred in granting the motion to dismiss on both grounds. Because we conclude that Fort Morgan's ballot system was not prohibited by the COML, we need not address the second basis for the court's ruling.

## II. Discussion

We review a trial court's ruling on a motion to dismiss using the same standards as the trial court: we accept all averments of material fact contained in the complaint as true and view the factual allegations in the light most favorable to the plaintiff. *Coors Brewing Co. v. Floyd,* 978 P.2d 663, 667 (Colo.1999). On the basis of such facts, we must then decide whether, under any theory of law, the plaintiff is entitled to relief. *Doe v. High–Tech Institute, Inc.,* 972 P.2d 1060, 1067–68 (Colo.App.1998). If relief can be granted under such circumstances, then the motion to dismiss must be denied. *Id.*

### A. Statutory Analysis

The COML provides: "All meetings of a quorum or three or more members of any local public body, whichever is fewer, at which any public business is discussed or at which any formal action may be taken are declared to be public meetings open to the public at all times." § 24–6–402(2)(b), C.R.S. 2010.

Henderson contends that this provision and the COML, generally, should be interpreted to prohibit anonymous ballot voting by public bodies.[1] Fort Morgan contends that neither section 24–6–402(2)(b), nor any other section of the COML imposes specific voting procedures on local public bodies, but instead only requires that the public have access to meetings of local public bodies and be able to observe the decision-making process. Therefore, Fort Morgan reasons, the city council's voting procedure could not have violated the statute. We agree with Fort Morgan's interpretation.

Our interpretation of the COML involves a question of law, and accordingly we review

1. The written ballots are available for public inspection. The ballots are secret in the sense that the council member who cast any particular ballot cannot be identified.

the trial court's decision de novo. *United Airlines, Inc. v. Indus. Claim Appeals Office*, 993 P.2d 1152, 1157 (Colo.2000).

As we consider the COML, we are guided by well-established principles of statutory construction. Our objective is to effectuate the intent and purpose of the General Assembly. *Anderson v. Longmont Toyota, Inc.*, 102 P.3d 323, 326 (Colo.2004). If the statutory language is clear, we apply the plain and ordinary meaning of the provision. *Id.; People v. Luther*, 58 P.3d 1013, 1015 (Colo.2002). If the statute is ambiguous, we may look to extrinsic evidence of legislative intent. *Bd. of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d 1188, 1193 (Colo.2004); *see* § 2–4–203, C.R.S.2010.

▪ While we construe the provisions of the COML liberally, *see Costilla County Conservancy Dist.*, 88 P.3d at 1189–90; *see also Cole v. State*, 673 P.2d 345, 347 (Colo. 1983), we will "not interpret a [statute] to mean what it does not express." *In re Adoption of T.K.J.*, 931 P.2d 488, 493 (Colo.App. 1996); *see also Int'l Truck & Engine Corp. v. Colo. Dep't of Revenue*, 155 P.3d 640, 642 (Colo.App.2007) (courts are not at liberty to modify or read additional terms into the plain language of a statute).

Henderson asks us to hold that the COML imposes a public voting procedure on local public bodies, and therefore Fort Morgan's use of anonymous ballots violates that procedure. But nowhere does the statute impose a voting procedure, let alone one that prohibits the use of anonymous ballots. For instance, section 24–6–402(3)(a) and (4) of the COML only address whether a formal action by a public body "may be taken" in "any executive session that is not open to the public." Similarly, section 24–6–402(2)(d)(II) only requires that the "[m]inutes of any meeting of a local public body at which the adoption of any proposed policy, position, resolution, rule, regulation, or formal action occurs or could occur shall be taken and promptly recorded, and such records shall be open to public inspection," but is silent as to whether the votes taken need to be recorded in a way that identifies which elected official voted for which candidate. *Cf.* 5 Ill. Comp. Stat. 120/2.06(a)(3) (requiring "a record of

any votes taken"); 65 Pa. Cons.Stat. § 705 ("In all meetings of agencies, the vote of each member who actually votes on any resolution, rule, order, regulation, ordinance or the setting of official policy must be publicly cast and, in the case of roll call votes, recorded."). Had the legislature intended to prescribe a voting procedure, and for that matter a procedure prohibiting anonymous voting, it could have said so plainly. *Dep't of Transp. v. Stapleton*, 97 P.3d 938, 943 (Colo.2004) (we presume the General Assembly understands the legal import of the words and phrases it uses).

In contrast to the COML, other states' open meetings laws clearly establish voting procedure requirements and identify which procedures are prohibited. *See, e.g.*, Idaho Code § 67–2342(1) ("No decision at a meeting of a governing body of a public agency shall be made by secret ballot."); Neb.Rev. Stat. § 84–1413(3) ("The vote to elect leadership within a public body may be taken by secret ballot, but the total number of votes for each candidate shall be recorded in the minutes.").

We are not at liberty to read additional terms into, or to modify, the plain language of a statute. *Int'l Truck & Engine Corp.*, 155 P.3d at 642. Thus, we will not read a particular voting procedure, such as roll call voting, into the COML. Moreover, if the General Assembly had intended to impose a particular voting procedure, it could have used terms similar to those in section 31–16–108, C.R.S.2010, which describes the voting procedure for municipal bodies on certain matters. *See* § 31–16–108 ("On the adoption of an ordinance, resolution, or order for the appropriation of money or the entering into of a contract by the governing body of any city or town, the yeas and nays shall be called and recorded, and the concurrence of a majority of the governing body shall be required."); *Mason v. People*, 932 P.2d 1377, 1380 (Colo. 1997) (if the General Assembly intended the statute to achieve a certain result, it would have employed terminology clearly expressing that intent, as it has done in other circumstances); *see also Nat'l Farmers Union Property & Cas. Co. v. Estate of Mosher*, 22 P.3d 531, 534 (Colo.App.2000).

Henderson's reliance on section 24–72–204(5.5)(b)(I)–(II), C.R.S.2010, of the CORA to support his interpretation of the COML is unavailing. Although these subsections interrelate with the COML, they only address when a citizen may seek access to records of an executive session. *Id.* Neither subsection speaks to a voting procedure requirement under the COML. *Id.*

Henderson's reliance on cases interpreting other states' open meetings laws to support his interpretation is also unavailing because those open meetings laws are distinguishable. For example, in *Esperance v. Chesterfield Township,* 89 Mich.App. 456, 280 N.W.2d 559, 562–63 (1979), the court concluded that the Michigan open meetings statute prohibited the use of secret voting, relying on the expressed intention of the legislative committee in recommending passage of the open meeting law, which "decried the evils of secret voting by public officials." Henderson does not cite, nor have we found, a similar legislative expression concerning the passage of the COML. The remaining cases relied upon by Henderson address statutes that either contain particular voting procedure requirements or mandate that all "actions" be conducted "openly." *See Public Opinion v. Chambersburg Area Sch. Dist.,* 654 A.2d 284 (Pa.Commw.Ct.1995) (court construing open meetings law with a voting requirement provision); *WSDR, Inc. v. Ogle County,* 100 Ill.App.3d 1008, 56 Ill.Dec. 408, 427 N.E.2d 603 (1981) (same); *News & Observer Publ'g Co. v. Interim Bd. of Educ.,* 29 N.C.App. 37, 223 S.E.2d 580, 588 (1976) (open meetings law specifically declared that "deliberations and [a]ctions by bodies covered by the statute shall be conducted 'openly' "); *Cornsilk v. Cherokee Nation Tribal Council,* 5 Okla. Trib. 185, 1996 WL 1132753, at *2 (Cherokee 1996) (constitutional provision required council meetings to be open to the public and voting "shall take place in an open meeting").

In contrast, in *Perez v. City University,* 5 N.Y.3d 522, 806 N.Y.S.2d 460, 840 N.E.2d 572, 576 (2005), the New York Court of Appeals rejected the contention that use of secret ballots by a public body violated New York's open meetings law, which requires, "Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with [an open records statute]." N.Y. Pub. Off. Law § 103(a) (footnote omitted).

The court there concluded:

> The Open Meetings Law does not speak to balloting or voting procedures, requiring only that "[m]inutes shall be taken at all open meetings of a public body which shall consist of a record or summary of all motions, proposals, resolutions and any other matter formally voted upon and the vote thereon" *(see* Public Officers Law § 106[1] ). A final determination may easily be recorded in the meeting's minutes without an accounting of each participant's ballot. Though we construe the provisions of the Open Meetings Law liberally, we will not add a requirement to the text of the statute.

806 N.Y.S.2d 460, 840 N.E.2d at 576.

Accordingly, as pertinent here, the COML provides citizens access to meetings where policy-making or formal action is taking place so that they may be informed about the decision-making process of the elected officials. *Cole,* 673 P.2d at 347 ("The [COML]was clearly intended to afford the public access to a broad range of meetings at which public business is considered."); *see, e.g., Hanover Sch. Dist. No. 28 v. Barbour,* 171 P.3d 223, 228 (Colo.2007) (board's decision not to renew a teacher's contract was a final policy decision that could only be made at a public meeting, not an executive session); *Bagby v. Sch. Dist. No. 1,* 186 Colo. 428, 434, 528 P.2d 1299, 1302 (1974) (COML designed to prevent the abuse of "secret" or "star chamber" sessions of public bodies).

To expand the requirement for open meetings to include a particular voting procedure at those meetings would amount to judicial legislation. *Estate of Burron v. Edwards,* 42 Colo.App. 141, 142, 594 P.2d 1064, 1065 (1979) ("a court may not engage in judicial legislation by adding to or subtracting from the specific words and phrases of a statute"). Because the legislature has not provided for a particular voting procedure in the COML, we will not imply one. *See Principal Mut. Life Ins. Co. v. Progressive Mountain Ins.*

*Co.,* 1 P.3d 250, 256 (Colo.App.1999) (courts cannot supply a right or remedy the General Assembly has chosen not to provide), *aff'd,* 27 P.3d 343 (Colo.2001).

### B. Application

█ Based on the above interpretation of the COML, we conclude that the Fort Morgan City Council's voting procedure did not violate the statute. Henderson's complaint concedes that each meeting was either an "open meeting" or a "public meeting." Henderson does not claim that the public was prohibited from observing, participating in, or listening to the discussions regarding the candidates or the deliberation process. The ballots were completed in the public meeting, and after the ballots were collected and tabulated, the result was announced at the public meeting. The city council's voting procedure, therefore, was not prohibited by the COML.

Accordingly, the trial court properly dismissed Henderson's action under C.R.C.P. 12(b)(5) for failure to state a claim based on this ground.

### III. Home Rule Issue

Because of our disposition of the above issue, we need not address the home rule issue raised by Henderson.

### IV. Conclusion

Order affirmed.

Judge HAWTHORNE and Judge BOORAS concur.